COMMONWEALTH *vs.* INHABITANTS OF HOLLISTON.

Allowing a witness, on a trial, to use a map not verified by oath, to point out to the jury, of his own knowledge, the location of a way, is within the discretion of the judge, and affords no ground of exception.

To prove that a road was a highway before 1846, evidence that before and after that date it was repaired under the orders of one who was acting surveyor of highways of the town, and publicly exercised the duties of the office, is admissible, under the Gen. Sts. c. 44, § 26, without proving his appointment by the records of the town.

INDICTMENT, in Middlesex, for neglect to keep in repair a road, alleged to be a highway, in Holliston.

At the trial in the superior court, before *Scudder*, J., the defendants contended that the road was not a highway. The Commonwealth admitted that it could not prove that the road was laid out and established as a highway in the manner prescribed by statute; but contended that, before 1846, it had either become a highway by dedication, or been laid out for many years and no record of the laying out been kept.

" For the purpose of explaining to the jury the relative location of the premises described in the indictment, but not as legal evidence in the case, the counsel for the Commonwealth placed a map thereof in the hands of a witness, and asked him from his own knowledge to point out the location, so far as it was correctly represented thereon. This was objected to by the defendant, but was permitted by the judge for the purpose stated only, and the map was then withdrawn from the jury."

For the purpose of showing that before 1846 the road had either been dedicated and accepted as a highway or been laid out as alleged, the Commonwealth offered the testimony of several

witnesses that " prior to that date they, with others, at various times, worked upon the road in repairing it under the order and directions of Thomas Rockwood, an acting surveyor of highways of the town in the district within which the road was located, who then and before had publicly exercised the duties of that office within and for said district." The defendant objected to the ad- mission of this evidence, unless it should be shown by the records of the town that Rockwood had been elected or appointed by the proper authorities of the town as surveyor of a district within which this road was ; but the judge admitted it.

For the same purpose the Commonwealth further offered evidence, against the objection of the defendants, tending to show that " similar acts had been once or twice performed by some one acting as surveyor of highways for the town in said district, and publicly exercising the duties of that office in and for said district, since 1846." The judge admitted the evidence, but instructed the jury that " unless they were satisfied beyond a reasonable doubt that the dedication and acceptance of the road had been completed, or the road had become a public highway, as claimed, before 1846, they must find for the defendants."

The jury found the defendants guilty, and they alleged exceptions.

*L. W. Osgood*, for the defendants.

*J. C. Davis*, Assistant Attorney General, ( *C. Allen*, Attorney General, with him,) for the Commonwealth.

CHAPMAN, C. J. The map was used, not as legal evidence in the case, but to enable the witness, into whose hand it was put, to point out to the jury the location of the alleged way, so far as it was correctly represented thereon. For this purpose it was within the discretion of the judge to allow it to be used. *Hollenbeck* v. *Rowley*, 8 Allen, 473, 475.

Since the St. of 1846, *c.* 203, highways cannot be established by dedication. *Commonwealth* v. *Taunton*, 16 Gray, 228. Before that time they could be thus established, as well as by prescriptive use. In *Jennings* v. *Tisbury*, 5 Gray, 73, the court say that " a large proportion of the public ways, whether they be considered public highways or town ways, stand upon no other

title but prescription," and that the time of prescription is now to be considered as fixed at twenty years. See also *Commonwealth* v. *Old Colony & Fall River Railroad Co.* 14 Gray, 93, 94. It had formerly been thirty years.

By our statutes, the acts of a highway surveyor in repairing a highway are made evidence against the town to prove that it is a highway. Gen. Sts. *c.* 44, § 26. Evidence that prior to 1846 Thomas Rockwood was acting surveyor of highways of the town, and publicly exercised the duties of the office, and that under his order and direction persons worked upon the road in repairing the same, was competent to prove that he held that office, without proving his appointment by the town records. 1 Greenl. Ev. (12th ed.) § 92, and notes. Such repairs were evidence tending to show the existence of the way at that time either by dedication or prescription. Evidence of similar repairs after 1846 would tend, in connection with the other evidence, to show the continued existence and recognition of the way, in like manner as evidence that it had been closed up and no longer worked would tend to disprove its existence as a public way.

The whole evidence is not reported, and the only question presented respecting all this evidence is whether it was admissible. We are of opinion that it was.      *Exceptions overruled.*