GEORGE WILSON *vs.* CITY OF BOSTON.

Suffolk. March 3. — May 8, 1875. MORTON & ENDICOTT, JJ., absent.

A town is not liable for a defect in a bridge or its approaches, which a railroad corporation is bound to keep in repair, although the bridge is part of a highway, and the town has made repairs upon the bridge within six years.

TORT for personal injuries occasioned by a defect in a highway.

At the trial in this court, before *Endicott*, J., the defendant contended that the defect was situated within the limits of an approach to a bridge built by a railroad corporation as part of a highway. It appeared, from the testimony of both parties, that the Boston, Hartford & Erie Railroad passed under Fourth Street at right angles; that the bridge over the railroad was at a level of from three to four feet above the level of the street; that the sidewalk on the southerly side of the street was constructed of dirt, and extended to within about twenty-five feet of the bridge, and then stopped, and this was also as far as the houses extended, that from this point a plank-walk led up to the bridge by a grad-

ual ascent; that a hole, which was the defect complained of, existed in the last plank nearest the bridge, the end of which rested upon or against the abutment of the bridge; that this hole was from two to three feet in length and three to five inches in width, and that its middle was eight feet from the bridge, and that the injury occurred in February, 1872.

The plaintiff put in evidence tending to show that the plank-walk in question had been repaired by orders of the superintendent of streets in 1871.

The defendant put in evidence that Fourth Street had been laid out and accepted as a public highway in 1804. The location of the railroad across the street in question, duly filed in 1854, was then introduced, together with acts of incorporation, and subsequent acts relating to the railroad. Alfred T. Turner, city auditor, was then called as a witness, and testified that he was superintendent of streets in 1854, and that the railroad company then built its road and constructed the bridge on Fourth Street, including the walks leading to it, and that the city of Boston performed no part of the work.

The defendant's counsel then requested that the jury be instructed that if they believed that the railroad company, either originally or subsequently, constructed the plank-walk, and that it was one of the approaches to the bridge, the fact that the city subsequently, or within six years before the accident, made repairs upon it, would not render the city liable in this action. The judge declined to give this instruction, and instructed the jury that if the want of repair, relied upon by the plaintiff, was within the approaches constructed by the railroad company and leading to this bridge, the city of Boston would not be liable for any defect there, unless during the last six years it had made repairs upon those approaches; and that if a railroad was located and constructed across Fourth Street, and a bridge and the necessary approaches from the old highway of Fourth Street (which was originally laid out by the city) were built by the railroad company, then the city would not be liable to keep in repair so much of the highway as was occupied by the bridge, the abutments and the approaches that were constructed upon the old highway, in order to reach the bridge and abutments.

The jury returned a verdict for the plaintiff, and found specially that during the six years before February 12, 1872, the defendant repaired the sidewalk at the place where the hole was into which the plaintiff fell ; and that the railroad company did not exclusively keep in repair that portion of the sidewalk where the hole was.

The judge thereupon reported the case to the full court, the verdict to be set aside and a new trial granted, if the instruction requested should have been given ; otherwise, judgment on the verdict.

*J. L. Stackpole,* for the defendant.

*R. M. Morse, Jr.,* ( *G. W. Morse* with him,) for the plaintiff. 1. By the Gen. Sts. *c.* 44, § 22, if a person receives injury through want of repair of a way or bridge, he may recover of the persons by law obliged to repair the same the amount of damage sustained thereby. The Gen. Sts. *c.* 63, § 61, provide that a railroad corporation shall maintain and keep in repair all bridges, with their approaches and abutments, which it constructs over or under any way. In *Sawyer* v. *Northfield,* 7 Cush. 490, it was held that towns are not liable for defects in a railroad bridge which the railroad corporation is bound to maintain and repair. But the Gen. Sts. *c.* 44, § 26, provide that, "If, on the trial of an indictment or action brought to recover damages for an injury received by reason of a deficiency or want of repair in a highway, town way, causeway or bridge, it appears that the county, town or person, against whom such suit is brought, has, at any time within six years before such injury, made repairs on such way or bridge, such county, town or person shall not deny the location thereof." If, therefore, the town has repaired the bridge within the six years before the accident, it cannot deny its obligation to keep the bridge in repair. Nor is there force in the argument hat these provisions do not apply where there is by law other provisions for repair. The Gen. Sts. *c.* 44, § 22, are substantially the same as the St. of 1786, *c.* 81, § 7. Section 61 of the Gen. Sts. *c.* 63, was first enacted in the Rev. Sts. *c.* 39, § 72. Section 26 of the Gen. Sts. *c.* 44, was enacted in the Rev. Sts. *c.* 25, § 26. This last section was adopted, therefore, with full knowledge of the exceptions contained in the first section, and of the obligations imposed in the second. If the Legislature had intended

that the last section should not apply in the excepted cases, it would have been the obvious and necessary course so to state. The Gen. Sts. *c.* 63, §§ 67, 69, recognize that towns may be liable, in the first instance, where a railroad corporation is bound to repair. The decisions on this section do not intimate that such an exception is to be implied. *Hayden* v. *Attleborough*, 7 Gray, 338. In *Commonwealth* v. *Deerfield*, 6 Allen, 449, 455, Mr. Justice Hoar says: " On a claim for damages for an injury, caused by want of repair in a way or bridge, repairs made within six years are, by our statute, conclusive in fixing the liability of the person or corporation making such repairs for the maintenance of the same."

2. It cannot be claimed that the construction contended for by the plaintiff makes *c.* 44, § 26, inconsistent with the Gen. Sts. *c.* 43, § 32, which provide that no way shall be chargeable upon the city unless it is laid out and established in the manner prescribed by statute. See *Hayden* v. *Attleborough, supra.*

3. The doctrine that a town may be liable, in the first instance, for a defect in a way, though another person was bound to keep the way in repair, was recognized by this court in *Woburn* v. *Henshaw*, 101 Mass. 193. The plaintiff in that action had been held liable by reason of a defect in a bridge over a canal, and brought suit to recover the amount of the judgment, on the ground that the defendant was bound by law to keep the bridge in repair. The court held that the action could be maintained.

WELLS, J. The location of the highway was not disputed. The city was not bound to keep in repair the approaches to the bridge over the railroad, although within the admitted limits of the highway, because other provision had been made therefor. Gen. Sts. *c.* 44, § 1, and *c.* 63, § 61. · *White* v. *Quincy*, 97 Mass. 430. The fact that the city had made some repairs upon the approaches did not relieve the railroad of its obligation, nor impose an additional obligation upon the city. The Gen. Sts. *c.* 44, § 26, — Rev. Sts. *c.* 25, § 26, — relied on by the plaintiff, do not impose any duty nor declare any liability. The statute was adopted originally to remedy the difficulty of proving the legal establishment of ways, arising from absence or defects of records thereof. Its purport is nothing more. To construe it as concluding all question of liability would make every individual, who should

voluntarily repair a defective way, liable for any injury that might occur thereon during the next six years. The statute makes no distinction between a county, town or person.

Ordinarily, proof of repairs made within six years would be conclusive upon the liabili' y of a town for defects ; because, ordinarily, and *primâ facie*, that liability results from any legal proof of the location of the way. But when it does not so result, as, by reason of the exception referred to, where other provision is made therefor, then it will not result from the fact of repairs made within six years. The remark quoted from the opinion in *Commonwealth* v. *Deerfield*, 6 Allen, 449, must be understood with this qualification. The construction of this statute was not involved in the decision in that case, and the remark was casual and by way of illustration, rather than of precise definition.

The rulings and instructions at the trial upon this point were erroneous. The instruction requested should have been given.

*Verdict set aside.*