## ARGUED AND DETERMINED

### IN THE

# SUPREME JUDICIAL COURT

### OF

# MASSACHUSETTS.

---

GEORGE H. BROWN vs. CITY OF LAWRENCE.

Essex. Nov. 5, 1875. — March 1, 1876. COLT, MORTON & LORD, JJ., absent.

Evidence of a vote of a town to repair a road, passed within six years before an accident caused by a defect in the road, is not evidence of the location of the road by the town, no repairs having been made by the town under the vote until after the accident.

TORT for personal injuries alleged to have been caused on the night of December 9, 1873, by a defect in a highway in the defendant city. The answer denied that the city was bound to keep the way in repair.

At the trial in this court, before *Ames*, J., the plaintiff, upon the question of the liability of the city, introduced evidence tending to show that the highway was an old road within the limits of the defendant city, but no evidence was offered that it had ever been laid out or in terms accepted, or of the original laying out of the way. The plaintiff also introduced evidence to show that the defendant had made some slight repairs upon the road within six years before the injury to the plaintiff. The plaintiff also offered in evidence, to show liability upon the part of the defendant to keep said road in repair, the records of the board of aldermen of Lawrence for 1873, which

showed that on July 7, 1873, a petition was received by the mayor and aldermen, addressed to them, signed by persons dwelling upon the road in question, stating that said road was out of repair, and praying for repairs upon the same ; that the petition was referred by the board of aldermen to the committee upon streets, which reference was concurred in by the common council of said city; that the committee on streets, in October following, made a report to the board of aldermen, referring the subject matter of the petition to the commissioner of streets for said city, with authority to make such repairs as he should deem necessary, which report was accepted by the board of aldermen, and repairs were subsequently made by said commissioner, but not until after the date of the injury for which the plaintiff seeks to recover. The defendant objected to the introduction of the petition, record and report, as incompetent for the purpose for which they were offered; but the judge overruled the objection, and they were introduced and read to the jury. The jury returned a verdict for the plaintiff for $9000 ; and to the introduction of this evidence the defendant alleged exceptions.

*W. S. Knox*, for the defendant.

*C. Saunders & C. G. Saunders*, for the plaintiff.

AMES, J. The only question raised by this bill of exceptions relates to the competency of a portion of the evidence admitted at the trial, namely, the vote of the city council of Lawrence. It is provided by Gen. Sts. c. 44, § 26, that if it appears that the town against which the suit is brought has at any time, within six years before the injury complained of, made repairs upon the way, it " shall not deny the location thereof." It is argued on behalf of the plaintiff, that the act of making such repairs is only an implied admission of the continued existence of the way, and is one mode of proof of the defendant's recognition of it as such; *Commonwealth* v. *Holliston*, 107 Mass. 232 ; but that the vote of the city council of Lawrence is a formal, express and solemn recognition of the liability of the city to make repairs upon the way in question, provided any should be found to be necessary. But the meaning of the statute is that when a town has made repairs upon the way, as above described, it shall be estopped to deny its proper location. There is no provision that

any other act or proceeding on the part of the town, short of a regular laying out, shall have that effect. No authority is given to towns, or to city councils, to establish town ways or public ways of any description by mere admissions or votes, however formal, or by any proceedings whatever, except such as are pointed out by statute. The act of repairing a public way is unequivocal and irrevocable in its nature, and the Legislature has deemed it of sufficient importance to give to it the effect of an estoppel. A vote to make repairs, so long as it remained unexecuted, as it did in this case, may be reconsidered and revoked; and there is no law attaching to it the consequences which follow the actual making of repairs. The defendant's objection to the evidence was therefore well taken, and the

*Exceptions are sustained.*