ZELMIRA L. HUNT *vs.* GEORGE SOLOMAKOS & another.   November 5, 1941. Order for judgment affirmed.   The plaintiff, in this action of tort for negligence brought in the Superior Court, sought to recover compensation for personal injuries sustained by her from tripping over a Christmas tree on a sidewalk on a public way in the city of New Bedford in front of the defendants' store.   The case was referred to an auditor whose findings of fact were to be final.   Judgment was ordered for the plaintiff and the defendants appealed. G. L. (Ter. Ed.) c. 231, § 96.   *Kamberg* v. *Springfield National Bank*, 293 Mass. 24, 25.   The order was right.   The auditor found that the trees were on the sidewalk "in violation of the ordinances of the . . . [city] and were the contributing efficient cause of the plaintiff's injury," that "the defendants were negligent," and that the plaintiff was not guilty of contributory negligence.   Violation of an ordinance, of this nature, in some circumstances, is evidence of negligence, and may be found to be a cause and not merely a condition of a personal injury.   See *Milbury* v. *Turner Centre System*, 274 Mass. 358, 361–363, and cases cited.   On all the facts found by the auditor and the proper inferences therefrom (see G. L. [Ter. Ed.] c. 231, § 126; *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105, 108–109) liability of the defendants to the plaintiff was established.

*J. Lipsitt & E. M. Kanter*, for the defendants, submitted a brief.

No argument nor brief for the plaintiff.


WALTER I. GIBSON *vs.* MATTHIAS CAVANAGH.   November 5, 1941.   Exceptions overruled.   This action of tort to recover compensation for personal injuries, sustained by the plaintiff when as a pedestrian he was struck by an automobile, operated by the defendant, was tried to a jury upon an auditor's report and other evidence including testimony of the plaintiff.   There was a verdict for the plaintiff.   The defendant excepted to the denial of a motion for a directed verdict for him.   His sole contention is that the plaintiff was not in the exercise of due care and for that reason cannot recover in this action.   The auditor found that the plaintiff was in the exercise of due care. This finding was evidence for the jury since there were no subsidiary findings so inconsistent therewith as to destroy its evidential value.   See *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 565.   But even apart from this finding nothing in the facts essential to establish the plaintiff's case on the issue of negligence and no evidence binding on the plaintiff required, as matter of law, a finding that the plaintiff was not in the exercise of due care.   The motion was denied rightly.

*J. P. Donahue*, for the defendant, submitted a brief.

*W. E. Kane*, for the plaintiff.