MARY A. WHITE *vs.* BOSTON GEAR WORKS, INC.

Norfolk.    January 3, 1944. — February 8, 1944.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Adverse Possession and Prescription.    Easement.*

Evidence of a macadamized surface, cement sidewalks, grass plots and curbing of a way in a city, of the presence of an ordinary street sign, electric lights and poles bearing wires on the way, and of substantial general use of it by pedestrians and vehicles for more than twenty years warranted a finding that the public had acquired a prescriptive right of travel over the way entitling a pedestrian to recover in an action of tort against an abutter who negligently left on the sidewalk of the way an object over which the pedestrian tripped and fell.

TORT.  Writ in the Superior Court dated October 16, 1940.

In the first count, the plaintiff alleged that while on the sidewalk of Hayward Street, "a public highway" in Quincy, she was injured due to a "defective condition" of the sidewalk existing through the defendant's negligence. In the second count, the plaintiff alleged in substance that the defendant had a usual place of business on Hayward Street, "a way" in Quincy, and that, while she was walking "on the sidewalk in Hayward Street in front of the defendant's place of business," she was caused to fall due to the negligence of the defendant and was injured.

The action was tried before *Pinanski,* J. Without exception, the judge ruled at the request of the defendant that the evidence did not warrant a finding that Hayward Street was a public way and ordered a verdict for the defendant on the first count. Subject to the defendant's exceptions, he refused its requests for rulings that the evidence did not warrant a finding that the plaintiff was more than a licensee on Hayward Street or a finding "that the public used Hayward Street adversely for twenty years," and denied a motion that a verdict be ordered for the defendant on the second count.

*C. C. Petersen & P. R. Frederick,* for the defendant.

*J. W. Blakeney,* (*C. A. Kane* with him,) for the plaintiff.

RONAN, J. The plaintiff was injured on the afternoon of November 10, 1939, when she tripped over a bar of steel which extended out of the defendant's doorway and lay upon the sidewalk of Hayward Street in Quincy. The bar of steel had been left there a few minutes before by one of the employees of the defendant who had carried it from the defendant's shop across the street and left it in the position it was in at the time of the accident while waiting for an elevator to deliver it upon the second floor of the building. The judge directed a verdict for the defendant upon the first count of the declaration which alleged that Hayward Street was a public way. The jury returned a verdict for the plaintiff upon the second count which alleged that the plaintiff was injured by the negligence of the defendant while she was travelling along a way. The case is here upon exceptions of the defendant to the refusal to grant its motion

for a directed verdict upon the second count and to the refusal to give certain requests for instructions. The plaintiff has an exception to the allowance of an amendment to the answer setting up the defence that Hayward Street was not a public way.

We now recite the material facts which could have been found upon the evidence, including a plan and photographs. Hayward Street runs westerly from Hancock Street, one of the principal streets of Quincy, for a distance of approximately four hundred seventy-five feet to a private railroad crossing. The defendant owns all the land on the northerly side of Hayward Street from Hancock Street to Holmes Street which intersects Hayward Street. A laundry and a machine shop are located on the northerly side of Hayward Street between Holmes Street and the railroad. The defendant owns all the land on the southerly side of Hayward Street except the lot located on the southwesterly corner of Hancock and Hayward streets, which has a depth of one hundred sixteen feet along Hayward Street. At this southwesterly corner, there has been for the last twelve or thirteen years a street sign of the ordinary type used in Quincy bearing the legend Hayward Street. Hayward Street has a macadamized surface for vehicular travel and cement sidewalks abutting the defendant's premises on both sides of the street. There are grass plots between the outer edge of the cement and the curbing. The curbing on the northwesterly corner of Hancock and Hayward streets was fitted into the curbing on Hancock Street and the curbing and the cement sidewalk extended westerly along Hayward Street. These improvements have been made by and at the expense of the defendant. Large factories of the defendant are located on both sides of Hayward Street. The entrance to the main factory and to the offices is located on Hayward Street. The street has electric lights. A line of poles carrying wires is located in the grass plot adjoining the sidewalk on the northerly side of the street. There was no evidence that the city had laid out, constructed or repaired the street. There was evidence dating back to 1886 showing the general use of the street by pedestrians and vehicles, which has not

been interrupted except during periods when repairs were made by the defendant. As many as one hundred twenty-five to one hundred eighty-five automobiles an hour have travelled along Hayward Street between Holmes and Hancock streets.

A jury could find, from the nature, character and extent of the use by the public of Hayward Street uninterruptedly for a period of more than twenty years, that such use was made under a claim of right, with the acquiescence of the defendant, and that consequently this way had become a public way by prescription. *Commonwealth* v. *Coupe,* 128 Mass. 63. *Weld* v. *Brooks,* 152 Mass. 297. *Taft* v. *Commonwealth,* 158 Mass. 526. *Sprow* v. *Boston & Albany Railroad,* 163 Mass. 330. *Bassett* v. *Harwich,* 180 Mass. 585. *Commonwealth* v. *Henchey,* 196 Mass. 300. *Bigelow Carpet Co.* v. *Wiggin,* 209 Mass. 542. *Scott* v. *Worcester,* 257 Mass. 520.

The jury specially found that the public had acquired a right of way by prescription over Hayward Street, that the plaintiff was in the exercise of due care and that the defendant was negligent. These findings were warranted by the evidence and established the liability of the defendant. *McGrath* v. *American Express Co.* 219 Mass. 314. *Agnew* v. *Franks,* 255 Mass. 539. *Conly* v. *Joslin,* 269 Mass. 378. *Bennett* v. *Cohen,* 310 Mass. 714. *Hunt* v. *Solomakos,* 310 Mass. 827. *Hollywood Barbecue Co. Inc.* v. *Morse,* 314 Mass. 368.

The jury also made another special finding to the effect that the plaintiff had been invited by the defendant to use as a public sidewalk the place where she was injured. This finding was not inconsistent with the other special findings which we have just mentioned, nor with the verdict returned for the plaintiff. *Reilly* v. *Boston Elevated Railway,* 206 Mass. 53. *Thurlow* v. *Welch,* 305 Mass. 220. *Burgess* v. *Giovannucci,* 314 Mass. 252. The defendant could not have been harmed by the denial of its request for a ruling that the plaintiff had not been invited to use the way, even if we assume in favor of the defendant, but without deciding — see *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368, 376; *Murphy* v. *Boston & Albany Railroad,* 133

Mass. 121; *Hanks* v. *Boston & Albany Railroad,* 147 Mass. 495; *Holmes* v. *Drew,* 151 Mass. 578; *Chenery* v. *Fitchburg Railroad,* 160 Mass. 211; *Conroy* v. *Allston Storage Warehouse Inc.* 292 Mass. 133, 135 — that the evidence was insufficient to support a finding of invitation. The jury having found that she was travelling along a public way which had been established by prescription, she was not compelled to rely upon any invitation.

The exception taken by the plaintiff to permitting the defendant to amend its answer has become immaterial in view of the conclusion we have reached.

*Defendant's exceptions overruled.*
*Plaintiff's exception dismissed.*