Doyle; P. J.
This is an action pursuant to G.L. c. 84, § 15 to recover damages for personal injuries sustained by plaintiff Karyn Gallagher in a fall allegedly attributable to a defect on Baxter Street in Medford, Massachusetts.
The defendant, City of Medford, filed a Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summaryjudgment on the grounds that Baxter Street is a private way which the City does not control and is not obligated to repair or maintain. Supporting affidavits submitted by Medford’s City Engineer, Director of Public Works and City Clerk indicated that Baxter Street is not an accepted public way and that the City of Medford “does not conduct any repairs or maintain Baxter Street.” In answers to interrogatories propounded by the plaintiff, *59 however, the defendant indicated that it periodically performs snow plowing and street cleaning and fills potholes on Baxter Street, and had provided such services as recently as four weeks prior to the plaintiffs accident.
In opposition to the defendant’s summary judgment motion, the plaintiff submitted a written brief in which she asserted, inter alia, that the City was precluded by G. L. c.84, § 25 from denying Baxter Street’s status as a public way because the City had repaired the street within six years of the accident in question.
The trial court allowed the defendant’s Rule .56 motion and entered summary judgment for the City of Medford. The plaintiff thereafter requested a report of the court’s ruling to this Division.
1. General Laws c.84, § 15 affords a limited right to recovery of damages to any person who sustains “bodily injury.. .by reason of a defect or a want of repair. . .in or upon a way, [if] such injury.. .might have been prevented, or such defect remedied by reasonable care and diligence on the part, of the county, city, town or person obliged to repair the same. . .(emphasis supplied).” The remedy created by Section 15 against a governmental entity for defects in public ways is exclusive, and the liability of a city or town for injuries sustained by travelers on such ways is wholly statutory. Huff v. Holyoke, 386 Mass. 582, 585 (1982); Whalen v. Worcester Elec. Light Co., 307 Mass. 169, 174 (1940). The nature and scope of such potential liability derives from, and is commensurate with, the duty imposed upon municipalities by G.L. c.84, § 1 which mandates that “ [highways and town ways. . .shall be kept in repair at the expense of the town in which they are situated, so that they may be reasonably safe and convenient for travelers. .. .’’An integrated construction of §§ land 15 of G.L. c.84, see Hurlburt v. Great Barrington, 300 Mass. 524 526 (1938), indicates that a city’s liability for damages resulting from defects on its “highways and town ways” is limited to defects located on only those ways which the city is “obliged to repair.” See, generally, Sloper v. Quincy, 301 Mass. 20, 21 (1938); Himelfarb v. Brookline, 19 Mass. App. Ct. 980 (1985). The general rule is that municipalities are obligated to repair and maintain public ways. See, e.g., Doherty v. Belmont, 396 Mass. 271, 274 (1985); Longley v. Worcester, 304 Mass. 580 (1939); First Nat’l Bank of Woburn v. Woburn, 192 Mass. 220, 222-223 (1906); Trioli v. Sudbury, 15 Mass. App. Ct. 294, 397 (1983); Cumming v. Plymouth, 1 Mass. App. Ct. 828 (1973).
2. Two methods of transforming an existing way into a “public way” are recognized in this Commonwealth: 1) a laying out and acceptance by public authority in the manner designated by statute (see G.L. c.82, § 1-32); and 2) prescription.[2] Fenn v. Middleborough, 7 Mass. App. Ct. 80, 84 (1979). Establishment of a public way by prescription requires evidence of adverse and continuous use of the way by the public for a period of twenty years or more. White v. Boston Gas Works, Inc., 315 Mass. 496, 499 (1944); Bassett v. Harwich, 180 Mass. 585, 586-587 (1902); Commonwealth v. Coupe, 128 Mass. 63, 65 (1880). The plaintiff has conceded that she did not advance sufficient evidence, in response to the defendant’s Rule 56 motion, of a public use of Baxter Street for the requisite period of time to prove a public way by prescription. The plaintiff also failed to rebut the defendant’s unequivocal averments that Baxter Street has never been laid out and accepted as a public way pursuant to statute by the City of Medford.
*60 3. A failure to prove that the locus of a plaintiffs accident and resulting injuries was a recognized public way would ordinarily be dispositive of any question of a city or town’s G.L. c.84, § 15 liability for failure to maintain its highways and town ways in a reasonably safe condition for travelers. The defendant contends, however, that G.L. c.84, § 25 is an exception to the general rule that cities may be held liable for only defects existing on formally extablished public ways. See D.A. RANDALL & D.E. FRANKLIN, MUNICIPAL LAW & PRACTICE, Sec. 929, pp. 216-217 (18 M.P.S. (1981) ).
Section 25 of G.L. c.84 states:
If, upon the trial of an indictment or action brought to recover damages for an injury received by reason of a defect or want of repair.. .in any way,, it appears that the defendant has, within six years before such injury, made repairs on such way, it or he shall not deny the location thereof.
This statute has been construed as identifying a second class or type of way for which cities and towns may be held liable for want of repair and reasonable maintenance; namely, “those [ways] as to which they are in law estopped to deny such liability.” Rouse v. Somerville, 130 Mass. 361, 362 (1881). “The statute was adopted originally to remedy the difficulty of proving the legal establishment of ways arising from absence or defects of records thereof.” Wilson v. Boston, 117 Mass. 509, 512 (1875). Evidence of municipal repairs within six years of the accident at issue, viewed in connection with other evidence, is probative of the continued existence and recognition of the way by the municipality, Commonwealth v. Holliston, 107 Mass. 232, 234 (1870).
[T]he meaning of the statute is that when a town has made repairs upon the way. . .it shall be estopped to deny its proper location. There is no provision that any other act or proceeding on the part of the town, short of a regular laying out, shall have that effect.. .The act of repairing a public way is unequivocal and irrevocable in its nature, and the Legislature has deemed it of sufficient importance to give to it the effect of an estoppel.
Brown v. Lawrence, 120 Mass. 1, 2-3 (1876). In short, G.L. c.84, § 25 signifies that the “existence of such a way de jure shall not in [a G.L. c. 84, § 15] proceeding be denied” by a city or town which has made repairs on such a way. Rouse v. Somerville, at 364.
Defendant’s answers to plaintiffs interrogatories indicate that the City of Medford repaired potholes on Baxter Street four weeks prior to the plaintiffs mishap. Pursuant to G.L. c.84, § 25, such evidence of recent repairs offered by the plaintiff in opposition to the defendant’s Dist./Mun. Cts. R. Civ. P., Rule 56 motion was sufficient to rebut the City’s averments that Baxter Street is not a public way in Medford, Massachusetts which the City is obligated to maintain.
The defendant contends that G.L. c.84, § 25 should be literally construed so as to preclude a city, upon evidence of street repairs, from denying only the physical location of the street rather than the city’s responsibility for the maintenance thereof. Such a narrow reading misinterprets Section 15 and disregards other pertinent provisions of the general statutory scheme set forth in G.L. c.84. Section 23 of G.L. c.84 states: “A way opened and dedicated to the public use, which has not become a public way, shall not, except as provided in the two following sections, be chargeable upon a town as a highway or town-way unless laid out and established in the manner prescribed by statute (emphasis supplied).”
The clear import of Section 23 is that Section 25 permits a street which has not *61 formally become a public way to be “chargeable upon a town as a highway or town way” if repairs have been made to such a street. A way chargeable as a “highway or town way” is a way which a municipality must maintain and repair pursuant to G.L. c.84, § 1 and for which the municipality remains liable under G.L. c.84, § 15. In view of G.L. c.84, § 25, the defendant’s remaining argument, that its voluntary street cleaning, snow removal and pothole repairs were designed only to insure the safe passage of emergency medical, fire and police vehicles on Baxter Street, simply begs the question at issue.
It is undeniable that a city or town which has accepted G.L. c.40 §6C may remove snow and ice from a private way without risk that such services will constitute repairs cognizable under G.L. c.84, § 25.[3] It is also evident that G.L. c.84, § 25 does not preclude a city or town from denying its liability for the specific street defect which caused the injuries in question, Nicodemo v. Southborough, 173 Mass. 455, 459 (1899); Wilson v. Boston, at 512-513; from proving that the type of repairs it made did not expose it to the liability sought to be imposed in a particular case, see Cumming v. Plymouth, 1 Mass. App. Ct. 828 (1973); Stockwell v. Fitchburg, 110 Mass. 305, 310 (1872); or from establishing that some other governmental entity or private party was legally charged with responsibility for maintaining the way at issue. See Rouse v. Somerville, at 364-365. These and other G.L. c.84, § 15 defenses are, however, matters to be raised and considered at a trial on the merits. What G.L. c.84, § 25 does accomplish in the instant case is the elimination of any conclusive, pretrial determination that the defendant, City of Medford is, as a matter of law, not liable for any injuries sustained on Baxter Street. In view of G.L. c.84, §25, the defendant was not entitled to summary judgment on the basis of the pleadings, affidavits, answers to interrogatories and other documents submitted to date in this case.
4. Accordingly, the trial court’s allowance of the defendant’s Dist./Mun. Cts. R. Civ. P. Rule 56 motion, and its entry of summaryjudgment for the defendant are hereby vacated. This case is remanded to the Malden Division for trial.

Prior to 1846, a dedication by the owner of private property to a public use coupled with acceptance by the public was sufficient to create a public way. See Uliasz v. Gillette, 357 Mass. 96, 104 (1970). Section 23 of G.L. c.84 now prohibits the creation of public ways by dedication and acceptance. Loriol v. Keene, 343 Mass. 358, 361 (1961).

General Laws c. 40, § 6C provides: “A city or town which accepts this section in the manner provided in section six D may appropriate money for the removal of snow and ice from such private ways within its limits and open to the public use as may be designated by the city council or selectmen; provided, that, for the purposes of section twenty-five of chapter eighty-four, the removal of snow or ice from such a way shall not constitute a repair of a way.”