## MARTHA W. SMITH *vs.* CITY OF LOWELL.

Middlesex. Jan. 19. — May 8, 1885. FIELD, DEVENS, & COLBURN, JJ., absent.

In an action against a city for personal injuries occasioned by an accumulation of ice and snow upon a sidewalk, a witness for the plaintiff, who had testified as to the character of the defect at the time of the accident, was asked, "How long had the walk been in substantially that condition prior to that time, if you know?" *Held*, that the defendant had no ground of exception.

If a private way in a city is opened and dedicated to the public use, within the meaning of the Pub. Sts. c. 49, § 94, the city is not, under § 95, liable for an injury caused to a person by a defect therein, if it has posted a conspicuous and legible notice, at the point where the person entered the street, that the way is private and dangerous, whether the notice was seen or not.

TORT, for a personal injury occasioned to the plaintiff by a fall upon the sidewalk of French Street, in Lowell, on February

3, 1883. Trial in the Superior Court, before *Barker*, J., who allowed a bill of exceptions, in substance as follows:

It was not disputed that French Street was a way having a wrought carriage-path and sidewalks, like an ordinary highway ; that it led from Bridge Street to Ann Street, both public highways; that it had always been unobstructed at either entrance, and as open to public travel as any street in the city ; and that it was laid out and constructed in 1835 and 1836 by the Proprietors of the Locks and Canals on Merrimack River, a corporation originally owning the tracts of land comprising the said way and the adjoining land; and that said proprietors had sold the fee of the adjoining land, and the land occupied by the street itself, upon the north and south side of the centre line thereof, to the Boott Cotton Mills and the Massachusetts Cotton Mills respectively, both of which manufacturing corporations, at the time of the accident, still owned the fee in the land and street, and occupied the adjoining land throughout the entire length of the street with their tenement houses for the use and occupancy of their help. It was not disputed that Kirk Street, a public street duly laid out and running parallel with Bridge Street, entered upon French Street at a point between Bridge and Ann Streets, and that the westerly end of French Street, being that portion of the same lying between Kirk Street and Ann Street, and of the length of about two hundred feet, was laid out and established as a public street by the defendant in the year 1859.

The accident happened about a quarter-past eight o'clock in the forenoon, at which time it was snowing, and had been since some time in the previous night. To prove the defect or want of repair in the way, which was alleged to be an accumulation of ice and snow, the plaintiff called one John Buchannan, who testified that at the time of the accident he was a police officer of Lowell ; that his beat then and for some time before included the way in question. He testified as to the character of the defect at the time, or about the time, of the accident, and was then asked by the plaintiff, to prove the length of time the defect had existed, the following question : " How long had the walk been in substantially that condition prior to that time, if you know ? " To the form of the question the defendant objected, contending

that it was too general in its terms, and that a responsive answer to it would not tend to show that the particular defect complained of had or had not existed for any length of time prior to the accident. The judge allowed the question to be put and answered, and the witness testified that the walk had been in a rough condition by snow and ice for some days. There was other evidence in the case as to the length of time the street had been in substantially the condition complained of as defective. Before the plaintiff opened his case, the jury viewed the place of the accident, and passed through the entire length of the street.

The plaintiff entered French Street from Bridge Street, and when about one hundred feet from Bridge Street slipped and fell on the opposite side of the street from the side where the notices hereinafter described were posted. On the corner of French Street and Bridge Street, on the French Street side of a tenement house, was the notice : " This is not a public way and is dangerous. By order of the Mayor and Aldermen." And immediately underneath, another, as follows : " Private Way." The letters of the former were nearly three inches in height, painted black upon a board painted white, .the board being thirty inches long by eighteen inches wide. The lettering of the notice " Private Way " was the larger of the two. The former notice was about twelve feet from the level of the sidewalk, and the latter immediately underneath it. The notices were somewhat weather-stained, but both entirely legible. A gas-light, on an ordinary lamp-post about twelve feet in height, stood about twelve feet distant from said notices, at the corner of the curbing of the sidewalk, in such position as to light both Bridge Street and French Street equally.

Of the plaintiff's witnesses, two, who had been familiar with French Street for thirty and forty years each, testified that these notices, or similar ones, had been in the positions above stated for many years, and were in said positions on the day of the accident. Another, who had been superintendent of streets of Lowell in 1859, testified that in that year he caused three hundred and fifty notices of the character first above described to be posted up on the various private ways in the city; but he could not swear positively whether he had or had not posted one

on French Street. Of the other witnesses for the plaintiff, four, who had been familiar with the streets for years, testified that they did not know of such notices ever being on the street; but none of the plaintiff's witnesses testified that the notices above described were not in their positions at the time of the accident; and they all testified that, so far as their knowledge went, the said notices might have been in said positions at the time of the accident, and during the period stated by the defendant's witnesses.

The plaintiff introduced no witnesses, and produced no evidence, except as aforesaid, to prove that sufficient notice had not been given that the way in question was dangerous, or that the mayor and aldermen of the defendant city had not by sufficient means cautioned the public against entering upon the way. Two of the defendant's witnesses, the superintendent of streets, who had held said office for nine consecutive years, and was holding it at the time of the accident, and a police officer of the defendant, who had examined the locality at the time, testified that the notices above described were in the said positions at the time the plaintiff fell, and had been, to their certain knowledge, respectively for nine and three years previously. There was no evidence that there was any other notice in French Street throughout its entire length than as aforesaid; but the superintendent of streets and other witnesses for the defendant testified that they did not know whether there were any other notices or not. The plaintiff was not in the employ of either the Massachusetts Cotton Mills or the Boott Cotton Mills, but was travelling from her residence to her place of employment.

The plaintiff contended that French Street was a public way , that if she failed to show it to have been a public way, it was still such a way, entering upon and uniting with an existing public highway, as to render the defendant liable for damages arising from defects therein, in the same manner as if it had been duly laid out and established, if the defendant failed to close it or give sufficient notice that it was dangerous.

The defendant requested the judge to rule that the plaintiff had failed to maintain her case, having introduced no sufficient evidence to warrant her going to the jury upon the question of the defendant's obligation to keep the way in repair, or its

liability to respond, in damages, to a person injured by rea-
son of the way being out of repair. The judge refused so to
rule.

The defendant also requested the judge to instruct the jury
as follows: "If the jury find that the city had posted a notice,
to the effect that the street in question was a private way and
dangerous, on said street, and in such a position as to be con-
spicuous and legible to a person entering the street from the
point where the plaintiff entered it, and that such notice was
in such position at the time of the accident, then the plain-
tiff cannot recover in this action, regardless of the fact whether
she did or did not know of the existence of the notice, pro-
vided the jury find the way in question to have been a private
street."

The judge refused so to rule. The jury found specially that
French Street, from Bridge Street to Kirk Street, was not a
public way; and returned a verdict for the plaintiff. The de-
fendant alleged exceptions.

*N. D. Pratt*, for the defendant.

*C. S. Lilley*, (*H. A. Brown* with him,) for the plaintiff.

W. ALLEN, J. We think that the last instruction asked for
should have been given. It must be assumed, from the verdict
and the finding of the jury, that the way was a private way,
opened and dedicated to the public use, within the meaning of
the Pub. Sts. *c.* 49, § 94; and that the only liability of the defend-
ant was under § 95, which provides that "the mayor and alder-
men and selectmen or road commissioners shall, when the public
safety demands it, direct and cause the entrances of such ways
entering on and uniting with an existing public highway to be
closed up, or may by other sufficient means caution the public
against entering upon such ways; and if any such way is not
closed, or if sufficient notice is not given that the same is dan-
gerous, the city or town shall be liable for damages arising from
defects therein in the same manner as if it had been duly laid
out and established."

Under this section, the condition of the liability of the defend-
ant to persons entering upon the way, as the plaintiff did, from
Bridge Street, was, that it had not closed the entrance from that
street, nor given sufficient notice that the way was dangerous;

if it had done either, it would not be liable under the statute. A notice that the way was a private way, and was dangerous, so posted as to be conspicuous and legible to persons entering the way from Bridge Street, would be sufficient notice to such persons. We understand this to be the purport of the instruction asked upon that matter.

We find no other error in the rulings excepted to.

*Exceptions sustained.*