MARGARET SULLIVAN *vs.* CITY OF WORCESTER.

Worcester. November 5, 1918. — February 8, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Way,* Public, Private, Defect.

The construction by a city of a granolithic sidewalk on a public way in such a manner that, at its end, it is four inches above the surface of a dirt walk which is its continuation upon the way, constitutes evidence of a defect in the public way of which the city has notice.

Evidence tending to show that a way, laid out as a private way by the owner of a large tract of land and as a part of the tract's development, was used not only by the abutting owners but also by the general public for more than thirty years, that for at least twenty years its use by travellers was indistinguishable from the use made of public city streets with which it was connected, and that there was no interruption of such use; that the city made repairs in the way, laid water pipes and constructed a sewer therein, installed and maintained a tungsten light thereon and constructed thereon a granolithic sidewalk under an order of the city council which made no mention of the way being private, will warrant a finding that the way had become public by adverse use, although it also appeared that, twenty-five years after the adverse use by the public began, some of the abutters petitioned to have the way made public and the city council denied the petition, and that, after the thirty-three years of adverse use, the city erected signs designating it as a private way.

If a traveller upon a private way in a city, which is in general use by the public in connection with public streets with which it connects, is injured by reason of a defect therein, and it appears that the connection between such way and the public way is not barred nor marked with signs, the city may be found to be responsible for such injuries in an action under R. L. c. 48, § 99.

TORT, with a declaration in three counts, the first and second counts being under R. L. c. 51, § 18, and the third count being under R. L. c. 48, § 99, for personal injuries received at eleven o'clock at night on July 19, 1915, and caused by a defect in Prospect Street in the city of Worcester. Writ dated April 2, 1917.

In the Superior Court the action was tried before *Fox,* J. There was evidence that no sign designating Prospect Street as a private way was placed on the street until after the accident to the plaintiff. Other material evidence is described in the opinion.

The defendant asked for and the judge refused to give the following rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. Upon all the evidence the plaintiff is not entitled to recover on count 1 of her declaration.

"3. Upon all the evidence the plaintiff is not entitled to recover on count 3 of her declaration.

"4. There is no evidence in this case that the city had notice of the alleged defect.

"5. There is no evidence that public safety required the officials of the city to close Prospect Street or to caution the public against entering thereon at the time the plaintiff was injured.

"6. There is no evidence that Prospect Street, at the place where the plaintiff was injured, was a public street.

"7. The fact that the city placed and maintained a street light in Prospect Street, near the place where the plaintiff was injured, is no evidence that that portion of Prospect Street was a public street.

"8. The fact that the city constructed and maintained water pipes in Prospect Street is no evidence that Prospect Street was a public street.

"9. The fact that the city constructed and maintained a sewer in Prospect Street is no evidence that Prospect Street was a public street.

"10. There is no evidence that the granolithic sidewalk on Prospect Street, at the place where the plaintiff was injured, was constructed by or with the authority of the city.

"11. Even if the jury find that the granolithic sidewalk on Prospect Street was constructed under the direction of the street commissioner of the city, this would not be the act of the city, unless the city council adopted an order authorizing the street commissioner to construct said sidewalk.

"12. Upon all the evidence the jury is not warranted in finding that the portion of Prospect Street upon which the plaintiff was injured had become a public street by prescription.

"13. In the absence of evidence to the contrary, the use of a private way by the public is presumed to be permissive and not adverse.

"14. In order to show acquiescence on the part of the owners of the way in the adverse use of the way by the public, the plaintiff must show that the owners of the way knew, or had reason to believe, that there was such an adverse use.

"15. The posting of signs for many years at the entrance of Prospect Street from East Shelby Street, or at the junction of Prospect Street and Eastern Avenue, that Prospect Street was a private street and dangerous, excludes any possible inference that Prospect Street was a public way.

"16. If a sign was posted for many years at the entrance of Prospect Street from East Shelby Street, or at the junction of Prospect Street and Eastern Avenue, that Prospect Street was a private street and dangerous, the use of Prospect Street by the public would be permissive, and such use could not make Prospect Street public by prescription.

"17. The petition of abutting owners of land on Prospect Street to make public Prospect Street, filed with the board of aldermen of the city of Worcester, constituted an assertion that they owned Prospect Street and is evidence that Prospect Street was not then a public way.

"18. The refusal in 1910 of the city of Worcester to grant the petition of the abutting owners of land on Prospect Street to make public Prospect Street is evidence that the city claimed no rights in Prospect Street adverse to the abutting owners thereof and prevented said street from becoming a public way by prescription."

The jury found for the plaintiff in the sum of $2,500; and the defendant alleged exceptions.

R. L. c. 48, §§ 98, 99, are as follows:

"Section 98. Ways opened and dedicated to the public use, which have not become public ways, shall not, except as provided in the following section, be chargeable upon a city or town as a highway or town way unless laid out and established in the manner prescribed by statute.

"Section 99. The mayor and aldermen and selectmen or road commissioners shall, if the public safety so requires, cause such ways to be closed where they enter upon and unite with an existing public way or may by other sufficient means caution the public against entering thereon; otherwise the city or town shall be liable for damages arising from defects therein as in the case of ways duly laid out and established."

The case was submitted on briefs.

*J. W. Mawbey & F. L. Riley,* for the defendant.

*F. F. Dresser & C. F. Garrity,* for the plaintiff.

BRALEY, J. The plaintiff, a pedestrian, while passing over a sidewalk constructed partly of dirt and partly of concrete or granolithic forming part of a way in the defendant city known as Prospect Street, reached a point where the granolithic and dirt walks joined leaving the granolithic some four inches above the grade, when she tripped and fell, suffering personal injuries for which damages are sought. While the defendant by the first ruling asked for a directed verdict on all the evidence, the question of the plaintiff's due care has not been argued, and if the street where the accident happened was a public way which the city by R. L. c. 51, § 1, was bound to keep in repair so that it should be reasonably safe and convenient for travellers, there was, under § 18, evidence for the jury of the defendant's negligence, and the fourth request could not have been given. *Thomas* v. *Winthrop,* 222 Mass. 456. *Campbell* v. *Boston,* 189 Mass. 7.

The defendant's main ground of defence is, that the street was not a public way. The history of the title over which there was no dispute shows and the jury could find, that in 1870 or 1871 the trustees of the Lunatic State Hospital at Worcester began the development of a very large tract of unimproved land by dividing it into building lots which were placed on the market for sale. The

plans which were prepared show the street in question to have been laid out between 1880 and 1882. The lots were sold and houses built, and the street was continuously used not only by the abutters and those dealing with them, but by the general public from 1882 to 1915, a period of thirty-three years prior to the accident. If a distinction is made between the use of the street by the abutters and the general public, the evidence amply warranted a finding that for at least twenty years before the present action accrued the use of the street by travellers was indistinguishable from the use of public ways in the vicinity with which the street connected. It does not appear that such use ever was interrupted by the original owner of the entire parcel, or by any of the subsequent owners of lots. The continuous use, however, by the public, even if with the implied assent of the abutters and their predecessor or predecessors in title, is evidence of the exercise of adverse rights. *Bigelow Carpet Co.* v. *Wiggin,* 209 Mass. 542, 547, and cases there cited. *Aikens* v. *New York, New Haven, & Hartford Railroad,* 188 Mass. 547, 549. But this is not all the evidence on the question. It is settled that admissions of the city or town by making repairs or using the way for municipal improvements is evidence of its existence as a highway. *Reed* v. *Mayo,* 220 Mass. 565, 567. *Barron* v. *Watertown,* 211 Mass. 46, 49. The laying of water pipes, the construction of a sewer, the installation and maintenance of a tungsten light in the street, and the construction of "a granolithic sidewalk with granite curbing and cobble gutter on the southerly and easterly side of Eastern Avenue from present walk to Prospect Street," in the order for which Prospect Street is not designated as a private way, accordingly were acts showing recognition of, and assumption of control over the street, to be considered by the jury in connection with the admitted fact, that in 1907 the petition of some of the abutters to have Prospect Street made a public way was denied by the board of aldermen. *Jennings* v. *Tisbury,* 5 Gray, 73. *Hayden* v. *Attleborough,* 7 Gray, 338, 344. *Bassett* v. *Harwich,* 180 Mass. 585. *Reed* v. *Mayo,* 220 Mass. 565. *Flack* v. *Green Island,* 122 N. Y. 107, 115.

It was therefore for the jury to determine on all the evidence whether Prospect Street had become a highway by prescription, and the second, sixth, seventh, eighth, ninth, twelfth, thirteenth,

fourteenth, seventeenth and eighteenth requests were denied rightly.

The tenth request that "There is no evidence that the granolithic sidewalk on Prospect Street, at the place where the plaintiff was injured, was constructed by or with the authority of the city," and the eleventh request, that "Even if the jury find that the granolithic sidewalk on Prospect Street was constructed under the direction of the street commissioner of the city, this would not be the act of the city, unless the city council adopted the order authorizing the street commissioner to construct said sidewalk," could not have been given. The evidence wholly fails to show that the sidewalk was actually constructed under the direction of the street commissioner, and as the jury could say the street had become a highway which the defendant was bound to keep in reasonably safe repair, it is responsible for the defect.

But even if the plaintiff was entitled to go to the jury on the question whether a highway existed as alleged in the first count of the declaration, the third count alleges, that Prospect Street, not being a public but a private way dedicated to the use of the public, the city to avoid liability for defects therein was required under R. L. c. 48, § 99, either to close the way where it entered upon and united with the highways known as Eastern Avenue and East Shelby Street, or by other sufficient measures caution the public against entering thereon. It is not contended that Prospect Street had been closed, and the questions, whether public safety required the posting of signs, and, if so, whether upon conflicting evidence the statute had been complied with, were for the jury. *Smith* v. *Lowell,* 139 Mass. 336, 340. *Fitzgerald* v. *Lewis,* 164 Mass. 495.

The fifth request, that there is no evidence that public safety required the city to close the street, or to caution the public against entering thereon at the time the plaintiff was injured, could not have been given in terms, and in so far as applicable it is covered by the instructions.

The fifteenth and sixteenth requests, that the posting of signs was conclusive against the acquisition of any prescriptive rights by the public, depended upon the view the jury took of the evidence, and were properly refused.

It follows that the exceptions must be overruled.

*So ordered.*