SARAH C. TEAGUE vs. CITY OF BOSTON.

Suffolk.    January 4, 1932. — February 29, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Way*, Private, Public.   *Evidence*, Competency.

At the trial of an action of tort against a city for personal injuries sustained in 1927 when the plaintiff fell into a hole in a way which entered upon and united with a public way, it appeared that the way had not been closed by the city and that there were some residences and a synagogue on it, but there was no evidence either of the length of the way or of the number of houses thereon.   There was evidence that the way had existed since 1812, that a public water main had been maintained there since 1852, that the city had installed a street light thereon in 1913, and that the city owned a building at the corner of the way on the public way.   A verdict for the defendant was ordered.   *Held*, that
   (1) It was proper to exclude evidence of a record of the building department of the city that there was a bulkhead on the sidewalk on the way adjoining the city's building, and that the city repaired such bulkhead after the accident;
   (2) Testimony by a witness that he observed people going in and out of the way, and "never noticed any signs on the building in the side of the entrance to" the way and the public way "and never saw any 'Private Way' signs," had no tendency to prove that such signs were not there;
   (3) In order to recover under G. L. c. 84, § 24, the burden of proof rested upon the plaintiff to show that no signs were posted or other sufficient means for that purpose adopted as required by the statute;
   (4) There was no evidence warranting such a finding;
   (5) The evidence did not warrant a finding that the general public had exercised a right to travel over the way as distinguished from a permission to pass over it;
   (6) There was no evidence from which it could be found that a public way had been established by prescription;
   (7) The verdict for the defendant rightly was ordered.

TORT for personal injuries.   Writ dated June 1, 1927.

In the Superior Court, the action was tried before *Walsh*, J. Material evidence is stated in the opinion.   It appeared that the plaintiff was injured on April 11, 1927.   The judge ordered a verdict for the defendant and reported the action for determination by this court.

Section 23 of G. L. c. 84, reads as follows:

"A way opened and dedicated to the public use, which has not become a public way, shall not, except as provided in the two following sections, be chargeable upon a town as a highway or town way unless laid out and established in the manner prescribed by statute."

*W. P. Higgins*, for the plaintiff.

*J. A. Campbell*, Assistant Corporation Counsel, for the defendant.

CROSBY, J. This is an action of tort to recover for personal injuries received by the plaintiff as the result of a fall in a hole in the sidewalk of a way known as Smith Court, in the city of Boston. The defendant admitted that it received due notice of the time, place and cause of the injury as required by G. L. c. 84, §§ 18, 19. The record shows that Smith Court extends in a westerly direction from Joy Street, which street is admitted to be a public way. There was evidence that Smith Court was a "way opened and dedicated to the public use" within G. L. c. 84, § 23. It is provided by G. L. c. 84, § 24: "The board or officer having authority over public ways in a town shall, if public safety so requires, cause such ways to be closed where they enter upon and unite with an existing public way or may by other sufficient means caution the public against entering thereon; otherwise the town shall be liable for damages arising from defects therein as in the case of ways duly laid out and established." *Paine* v. *Brockton*, 138 Mass. 564, 567, 568. *Nicodemo* v. *Southborough*, 173 Mass. 455. It is the contention of the defendant that the court is a way which it is under no obligation to keep in repair. This is the only question for decision.

Smith Court is a cul-de-sac or blind court, fronting upon which are some residences and a synagogue. The plaintiff offered evidence from the records of the city tending to show that Smith Court has existed from the year 1812 up to the present time; that the city had laid out and maintained a water main under the court at least since the year 1852, which served some of the houses and was a part of the water

system of the city; and that in 1915 the city replaced an old style "blow off" at the end of the main with one of modern type. The plaintiff testified that the accident occurred about ten o'clock in the evening at a point on the sidewalk in the court about ten feet from the corner of Joy Street; that she stepped into a hole in the walk and was injured; that it was dark; and that there was an electric light in the locality of Smith Court and Joy Street which was not lighted at the time of the accident. It was agreed that in 1913 a street light was installed in Smith Court and that the city paid for its maintenance and for lighting it. A witness called by the plaintiff testified that he lived on the court; that when he bought his house which was on the north side of the court the sidewalk in front of his premises was not in good condition, and at his own expense he had replaced it with a new concrete sidewalk. There was no evidence which would warrant a finding that the original sidewalk was constructed by the city or that any repairs had ever been made upon any part of the way by it. The defendant admitted that it owned the building at the corner of the court and Joy Street.

The plaintiff offered to prove by a record of the building department of the city that there was a bulkhead on the sidewalk adjoining the building, and that the city repaired this bulkhead after the accident. This evidence was excluded subject to the plaintiff's exception. It was rightly excluded as evidence of such repairs had no tendency to show that the sidewalk was a public way.

A witness called by the plaintiff testified that he observed people going in and out of the court, and "never noticed any signs on the building in the side of the entrance to Smith Court and Joy Street and never saw any 'Private Way' signs." The testimony of this witness had no tendency to prove that such signs were not there. As was said in *Koch* v. *Lynch*, 247 Mass. 459, at page 462: "Merely negative testimony of that nature without circumstances tending to give it affirmative force is of no value." See also *Gibb* v. *Hardwick*, 241 Mass. 546, 549, and cases cited.

At the close of the plaintiff's evidence the trial judge on

motion of the defendant directed a verdict in its favor, subject to the plaintiff's exception, and reported the case to this court under a stipulation that if the direction of the verdict was correct judgment should be entered for the defendant, but if the direction was erroneous judgment should be entered for the plaintiff in the sum of $1,500.

We are of opinion that the laying of the water main in the court for the use of persons living there would not alone warrant a finding that the court was a public way. Nor was the maintenance of an electric street light in the court evidence that it was a public way; it was something which the city was under no obligation by statute or otherwise to provide. See *Hill* v. *Boston*, 231 Mass. 372, and cases there collected.

There was no evidence to show the length of this way, how many houses were on it, or the extent of its use by any one for the purposes of travel, except such as might reasonably be inferred from travel by persons living there and those dealing with them, or by persons who attended the synagogue.

It is argued by the plaintiff that it was the duty of the defendant under G. L. c. 84, § 24, to close the way or by other sufficient means to caution the public against entering thereon if it could have been found that public safety so required. *Smith* v. *Lowell*, 139 Mass. 336. *Sullivan* v. *Worcester*, 232 Mass. 111, 116. As the way had not been closed, if public safety required the city to caution the public against entry thereon, the burden of proof rested upon the plaintiff to show that no signs were posted or other sufficient means for that purpose adopted as required by the statute. The plaintiff offered no such evidence. The evidence did not warrant a finding that the general public had exercised a right to travel over the way as distinguished from a permissive right to pass over it. See *Scott* v. *Worcester*, 257 Mass. 520, 523. In *Sullivan* v. *Worcester*, 232 Mass. 111, there was evidence that the city had made repairs on the way, which distinguishes that case from the case at bar. There was no evidence from which it could be found that a public way had been

established by prescription. *Jennings* v. *Tisbury*, 5 Gray, 73. *Harvey* v. *Sandwich*, 256 Mass. 379.

In accordance with the terms of the report the entry must be .

*Judgment for the defendant.*