Riley, J.
The plaintiff brings this action of tort to enforce the statutory liability of the defendant city for a personal injury alleged to have been caused on October 4, 1934 by a defect in a sidewalk upon a way in said city. She concedes that the sidewalk at the place where she was injured was upon a private way and not upon a public way within the provisions of the relevant statutes. It is admitted that the required statutory notice was given the defendant. There was evidence that the plaintiff was in the exercise of due care and was injured by reason of a defect in the sidewalk, *322 which defect had existed for at least two weeks prior to her accident.
The plaintiff’s contention is that the defendant did not comply with the provisions of G. L. (Ter. Ed.) Chap. 84, Section 24, relating to ways opened and dedicated to public use which have not become public ways, which reads as follows: “The board or officer having authority over public ways in a town shall, if the public safety so requires, cause such ways to be closed where they enter upon and unite with an existing public way or may by other sufficient means caution the public against entering thereon; otherwise the town shall be liable for damages arising from defects therein as in the case of ways duly laid out and established. ’ ’ There is no evidence that the way in question was closed. The question in issue as shown by the Report is whether or not the defendant had by other sufficient means cautioned the public against entering thereon.
The trial judge found for the defendant and made the following special finding of facts: “The court specially finds that the plaintiff’s injuries were occasioned by falling upon a defect in the sidewalk of a private way which entered upon and united with a public way; and that the Defendant had placed a legible sign at the entrance to the private way in such a position as to be conspicuous, which was sufficient to caution the public against entering thereon and to relieve the Defendant from liability for damages arising from any defect therein as provided by General Laws, Chapter 84, Sec. 24.”
The plaintiff duly made the following Requests for Rulings:
1. There is evidence upon which the Court may find for the plaintiff in this action.
2. The evidence warrants a finding that the sidewalk where the plaintiff was injured was a private way opened and dedicated to the public use which entered *323 upon and united with an existing public way and that public safety required the defendant to cause such way to be closed where it entered upon and united with the existing public way or by other sufficient means caution the public against entering thereon in accordance with General Laws, Chapter 84, Section 24.
3. The evidence warrants a finding that the defendant did not close the private sidewalk on Clyde Street on which the plaintiff was injured where such sidewalk entered upon and united with the existing public way nor did the defendant by other sufficient means caution the public against entering thereon as required by General Laws, Chapter 84, Section 24.
4. If the Court finds that the defendant did post a sign on Clyde Street, the evidence warrants a finding that such sign was not in such a position as to be conspicuous and legible to a person entering the private way from the point where the plaintiff entered it.
The Court disposed of these requests for rulings as follows:
“First request granted, but it is immaterial in view of the Court’s finding for the defendant.
Second request granted.
Third request denied, as immaterial, the Court having found to the contrary.
Fourth request denied as immaterial, the Court having found to the contrary.”
The plaintiff claims to be aggrieved by the action of the trial judge upon these requests. As the first and second requests were granted, the only question arises as to the denial of the third and fourth requests which relate to the sufficiency of the means used by the defendant to caution the public against entering upon the portion of Clyde Street which had not been made public. There was evidence that that part of the sidewalk where the plaintiff was injured was a private way which entered upon and united with that part of Clyde Street which had been laid out and establish *324 ed as a public way in the manner prescribed by law; that there was nothing on the sidewalk in front of #53 Clyde Street (the place where the plaintiff was injured) and #47 Clyde Street or on any part of that side of Clyde Street to indicate where the public way by statute ended; that Clyde Street was located between Plainfield Street and Riverside Road which were public ways; that the defendant placed a sign on July 25,1934 on Clyde Street at the point where the public way entered upon and united with the private way of Clyde Street and which point was opposite and on the other side of the street to the premises at #47 Clyde Street; that the part of the sidewalk in front of #47 Clyde Street was a public way. This sign was about five inches by 27 inches and had printed thereon in black letters 5/16 of an inch in thickness and 2% inches high on a white background, the words “Private Way, Dangerous” which words covered 22% inches and was attached to a post; that said sign faced the road and sidewalk on the opposite side of the street and was in that position at the time the plaintiff was injured. There was evidence that there was an electric light on the street in front of the premises #53 .Clyde Street and no light on the side of the street where the sign had been placed; that thie accident, which occurred after dark, happened close to the light but that the plaintiff and her brothers could not see the defect in the sidewalk by means of the light because a tree shut off the light and left the place of the accident dark and that the plaintiff and her brothers did not see the sign on the street.
In view of the trial judge’s special finding of fact, it would have been more consistent for him to have treated the third and fourth requests above set out in the same manner as he dealt with the first request. All three are of the type passed upon by the court in Bresnick vs. Heath, Mass. A. S. (1935) 2297 at 2301, 2302; that is, they ask for *325 a ruling that the evidence warrants a finding in favor of the plaintiff upon the evidence described in each request. However, we think the trial judge was perhaps justified in the manner he dealt with these requests by reason of the following language in Bresnick vs. Heath at Page 2301, “It would have been simple for the trial judge to have made a statement that the defendant was found free from negligence as matter of fact as the ground for denial of this request, or that the request had become immaterial because of the finding in favor of the defendant on the facts.” Whatever criticism may be made of the technical manner in which the trial judge dealt with the third and fourth requests, we think that his intention was clear and that he did not intend to deny the plaintiff’s third and fourth requests as matter of law. In this respect the ease seems to be in the class of Strong vs. Haverhill Electric Co., Mass. A. S. (1938) 345 and Cameron vs. Buckley, Mass. A. S. (1938) 311.
The plaintiff’s argument in effect asks us to rule that the sign posted by the' city was not as matter of law a sufficient means of caution to the public under the provisions of the relevant statute. The question of whether a municipality has complied with the provisions of the governing statute has, as far as we are aware, always been one of fact for the jury. This is indicated by Smith vs. Lowell, 139 Mass. 336, and Sullivan vs. Worcester, 232 Mass. 111 at 116. See also Fitzgerald vs. Lewis, 164 Mass. 495. In Teague vs. Boston, 278 Mass. 305 at 308, the court says “As the way had not been closed, if public safety required the city to caution the public against entry thereon, the burden of proof rested upon the plaintiff to show that no signs were posted or other sufficient means for that purpose adopted as required by statute.” The notice posted in the case at bar is quite like the one before the court in Smith vs. Lowell, 139 Mass. 336, 338. The notice in that case read “This is *326 not a public way and is dangerous, by order of the Mayor and Aldermen” and immediately underneath as follows: “Private Way”. The letters of the former were nearly 3 inches in height painted black upon a board painted white, the board being 30 inches long by 18 inches wide. The lettering of the notice “Private Way” was the larger of the two. The former notice was about 12 feet from the level of the sidewalk and the latter immediately underneath it. The notices were somewhat weatherbeaten but both entirely legible. In the present case the sign was 5 inches by 27 inches but contained fewer words and the black letters on a white background thereon were 5/16 of an inch in thickness and 2% inches high and it was found by the court to be legible and posted in a conspicuous place as one entered from the public way onto that portion of the street that was a private way. The fact that the plaintiff did not see the sign is not controlling upon the question as to whether or not the defendant had complied with its statutory duty. Teague vs. Boston, 278 Mass. 305, 307.
However debatable it may be as a question of fact, we cannot say, as matter of law, that the plaintiff has sustained the burden of proving that the defendant had' not by sufficient means cautioned the public against entering upon the way involved. Neither can we say, if the question is open to the plaintiff on the Eeport, that the judge’s finding for the defendant on this issue was unwarranted for, as we have pointed out, it is a question of fact and he treated it as such and not as a ruling of law. Consequently, there was no prejudicial error in the manner in which he dealt with the plaintiff’s Bequests and the Eeport must be dismissed.