COMMONWEALTH *vs.* A JUVENILE (No. 1).

Suffolk.    February 14, 1978. — March 21, 1978.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Trespass. Real Property,* Trespass.

Where a stadium was enclosed by high walls and a locked gate, there was a *direct prohibition against entry* within the meaning of G. L. c. 266, § 120; a motion for a directed verdict on a complaint charging criminal trespass, grounded on failure of the Commonwealth to adduce evidence that the defendant had been forbidden directly or by posted notice to enter the stadium, thus was properly denied. [107–108]

COMPLAINT received and sworn to in the Municipal Court of the West Roxbury District on July 6, 1976.

On appeal to the Superior Court, the case was tried before *Donohue,* J., a District Court judge sitting under statutory authority.

*Robert P. Alexander* for the defendant.

*Robert J. McKenna, Jr.,* Assistant District Attorney (*Mark T. Anastasi,* Legal Assistant to the District Attorney, with him) for the Commonwealth.

HALE, C.J. After a jury trial in the Superior Court a juvenile was found to be delinquent by reason of a trespass. G. L. c. 266, § 120.[1] The case is before us on a bill of exceptions which informs us that on July 4, 1976, at 8:39 P.M., in response to a radio call, Officer Kelley of the Boston police department and his partner went to White Stadium. The stadium was enclosed by a locked gate and cement bleachers ranging in height from eight to forty feet. There was no event in progress, and the stadium was unlighted. As he approached the stadium Kelley observed three youths inside driving a tractor type lawn mower in an erratic manner. No one else was observed in the area of the stadium. The youths fled as Kelley climbed over a gate to gain entry into the stadium. There were no signs posted prohibiting entry. At the conclusion of the trial the juvenile filed a motion for a directed verdict, which was denied.

The sole issue now argued is whether the Commonwealth failed to adduce any evidence that the juvenile had been forbidden directly or by posted notice to enter or remain in the stadium. As there was no posted notice and no evidence that the juvenile had been orally forbidden entrance by any person, the only question before us is whether the locked gate falls within the "forbidden . . . directly" language of § 120.

The juvenile contends that absent a posted notice, his motion should have been allowed. He bases his argument on *Smith* v. *Lowell*, 139 Mass. 336 (1885), *Fitzgerald* v. *Lewis*, 164 Mass. 495 (1895), and *Commonwealth* v. *Richardson*, 313 Mass. 632 (1943), but those cases afford him no assistance, as each is distinguishable on its facts. Also

---

[1] General Laws c. 266, § 120, as amended through St. 1974, c. 109, provides in pertinent part: "Whoever, without right, enters or remains in or upon the dwelling house, buildings, boats or improved or enclosed land, wharf or pier of another, after having been forbidden so to do by the person who has the lawful control of said premises, either *directly* or by notice posted thereon shall be punished . . . " (emphasis supplied).

distinguishable is the recent decision of this court in *Commonwealth* v. *Einarson, post* 833 (1978). In *Commonwealth* v. *Richardson,* a conviction for trespass was reversed on the basis of an implied invitation. In *Fitzgerald* v. *Lewis* the questions were as to control and the sufficiency of posted notices, neither of which is raised in the present case. In *Smith* v. *Lowell* the only issue relevant to the subject of trespass was the sufficiency of the posted notices. In *Commonwealth* v. *Einarson* the park or playground had an unsecured entrance, unlike the locked gate in the present case. We agree with the juvenile that *Commonwealth* v. *Egleson,* 355 Mass. 259, cert. denied 395 U.S. 336 (1969), is not controlling, for in that case the defendant had refused to leave after being requested to do so.

No case has been called to our attention, nor have we found any, which sheds any light on the situation disclosed by the evidence in this case. We therefore look to the plain language of G. L. c. 266, § 120, and focus our attention on the controlling word "directly." We are of the opinion that "directly" as it appears in the statute does not require a person having control of unposted premises to be on those premises at all times of the day or night to ward off intruders. Rather, he may directly forbid entry to the premises by securing them with fences or walls and locked gates or doors. We are not called upon to decide the point at which the physical security of an area may be so low as to require posted or verbal prohibitions against trespass, as we have no doubt that where, as here, the property is enclosed by stadium walls ranging in height from eight to forty feet and its regular entrance secured by a locked gate high enough to require a police officer to climb over it in order to gain entrance, there exists all that is necessary to constitute a direct prohibition against entry.

Our conclusion on this point makes it unnecessary to consider the juvenile's remaining argument.

*Exceptions overruled.*