## LEVI P. ROWLAND *vs.* JOHN BANGS.

In 1845, C., the owner of a strip of land called " C. Avenue," stretching from M. Street to W. Street, opened the avenue from M. Street to houses built by him on adjoining land, laying a sidewalk on land of B., which extended from M. Street along the southern side of said avenue; and from that time the avenue and sidewalk were used, " without obstruction, as a public street, by the residents therein, and by all others having occasion." In 1850, the avenue was opened to W. Street, and was travelled throughout its length by those who had occasion to pass from one street to the other, but it did not appear that the city ever accepted the avenue as a public street or made repairs upon it. C. subsequently conveyed several lots of land, bounding them on " C. Avenue." B. never used the avenue till 1863, having approached his land from the other side; but at that date he built a barn near the avenue, made a new gravel walk in place of the old sidewalk, and mended the avenue somewhat beyond his own line. In an action by C.'s grantee against B. for tearing down, in 1867, railings placed across the avenue, *Held*, that the above facts did not show that the avenue had become a public highway either by dedication or prescription, or that B. had acquired a private right of way therein, either by contract, prescription or estoppel *in pais*.

TORT for removing two rails placed by the plaintiff across Crossett Avenue, so called, leading from Main Street on the west to Willow Street on the east, in Springfield.

At the trial in the superior court, before *Vose*, J., it was admitted that in 1834 George Bliss and others were the owners of

a tract, including the whole of Crossett Avenue and the land adjoining it on both sides.

The plaintiff put in evidence a deed from said Bliss and others to Robert Crossett, dated December 11, 1834, conveying all the land owned by the grantors on the northerly side of Crossett Avenue, and all that part of the avenue to which the plaintiff now claims title; and also a deed from Crossett to himself, dated March 12, 1856, of a tract of land, being the westernmost portion of Crossett's land, and situated on the corner of Main Street and Crossett Avenue. This deed bounded the granted premises southerly " by Crossett Avenue," and conveyed " also all right, title and interest which the said Crossett has in and to the aforesaid Crossett Avenue, subject to such rights of way as any other person now has;" and the plaintiff testified that he placed the rails in 1867 across so much of Crossett Avenue as he claimed to own, and that the defendant soon afterwards removed them.

The defendant put in evidence a deed from said Bliss and others, dated November 15, 1844, to Crossett, of all the residue of the land owned by them adjoining Crossett Avenue, except what is now owned by the defendant, and also a deed from said Bliss and others to the defendant, dated July 1, 1863, of the following described premises: " A certain tract of land in Springfield, bounded northerly by land of Levi P. Rowland; easterly by a line 180 feet easterly of the easterly line of Main Street, and parallel with said easterly line of Main Street; southerly by land of David A. Bush; and westerly by Main Street; being three rods and one half wide, more or less, and 180 feet deep, subject to any right of way which individuals or the public may have, if any, in that part of the premises included in Crossett Avenue, so called."

The defendant then offered evidence that " in 1845 Crossett erected a double dwelling-house on the westerly part of the land" conveyed to him by the deed of November 15, 1844 " and fronting on Crossett Avenue, which was occupied by tenants to whom the same was rented by him in October 1845 that about the same time he opened said avenue to this house,

and soon after extended it further east to a building which he fitted up for a schoolhouse on the southerly side of the avenue, at its intersection with what is now Willow Street; that at the time the avenue was ópened, its southern line was marked by an old fence, originally built for a garden fence, standing from three to five feet south" of the land conveyed to Crossett by the deed of December 11, 1834, "upon the land now owned by the defendant, and extending eastward from Main Street as far as the eastern line of the defendant's land; that this fence was repaired or rebuilt by Crossett, without objection on the part of" said Bliss and others, who then owned the defendant's lot, "and a plank sidewalk constructed by him by the northern side of it, the greater part of which was upon the land" now the defendant's, "then owned by Bliss and others, and the residue upon Crossett's land;" that "from that time Crossett Avenue, including said sidewalk, had been used without obstruction as a public street by the residents therein, and by all others having occasion; that about 1850 there began to be travel through what is now Willow Street, and, from that time, Crossett Avenue, which had previously had no outlet at its eastern end, opened into Willow Street, and was travelled without obstruction by all who had occasion to pass from Main Street to Willow Street, or the reverse; and that Willow Street was opened in 1850 for travel. It did not appear that Crossett Avenue had ever been accepted by the city as a public street, and it did appear that the city had never made any repairs upon it." The defendant was also allowed to put in evidence, against the plaintiff's objection, several deeds and mortgages by the plaintiff and by Crossett of lots of land, in all of which Crossett Avenue was given as one of the boundaries of the land conveyed, and the earliest of which was dated November 13, 1850.

It further appeared that "the defendant occupied under a lease the land now owned by him for twelve or thirteen years before he purchased it.; that he then placed a shop upon it fronting on Main Street, and, while he so occupied it, he used to get on to the rear of his lot from Bush's land adjoining it on the south; that when he purchased in 1863, the old plank side-

walk having been removed, leaving a low place under it, he filled up this hollow with earth, and made a new gravel walk on the location of the old plank walk, and a new fence on the line of the old one, built a barn on the rear of his lot, and filled the rear, which had previously been lower than the avenue, with sand, and had driven on to the rear of his land from the avenue ever since, except while interrupted by the rails erected by the plaintiff." The defendant also testified that, " about two years since, he caused large quantities of earth to be carted upon the avenue for the purpose of raising the same, not confining this work to the part of the avenue owned by him, but extending it from six to eight feet beyond his own line. The plaintiff offered evidence tending to show that the work done by the defendant did not extend beyond that part of the avenue owned by him, and that the residue of the avenue had been raised by the plaintiff about the same time. It appeared in evidence that, since the opening of the avenue, dwelling-houses had from time to time been erected on either side of it by the owners of the lots, all of whom except the defendant derived title under said Crossett, and some of them under the plaintiff."

Upon the foregoing evidence, the judge ruled that the plaintiff could not maintain the action, directed a verdict for the defendant, and reported the case for the decision of this court; if the ruling was right, the verdict to stand; if wrong, the verdict to be set aside, and judgment to be rendered for the plaintiff for nominal damages.

*C. A. Winchester*, for the plaintiff.

*H. Morris*, for the defendant.

WELLS, J. The plaintiff is entitled to maintain his action unless it is made to appear either that " Crossett Avenue " had become a public highway; or that the defendant had acquired a private easement, or right to use the avenue as a way, either personal to himself, or appurtenant to his land.

1. It had not become a public highway by dedication, because it had never been laid out and established in accordance with the requirements of St. 1846, c. 203; and previously to 1846 it had not the character of a thoroughfare, and there was no evi-

dence to show that it was intended as such, or was assented to by the town or adopted by the public generally as a street. *Bowers* v. *Suffolk Manufacturing Co.* 4 Cush. 332. *Morse* v. *Stocker*, 1 Allen, 150. *Durgin* v. *Lowell*, 3 Allen, 398. The case finds that, from October 1845, or soon after, the avenue, including the sidewalk built upon the land which is now the defendant's, was used without obstruction as a public s'reet " by the residents therein and by all others having occasion." But the facts show a sufficient reason for its use in that manner, in the accommodation required for such residents, and in the apparent purpose for which the lots abutting on the avenue were held. There is nothing to show a purpose on the part of the owner of the soil to surrender its control to the public.

Neither is there evidence to establish a highway by prescription. There was no passage through to the east until 1850. The abutters were entitled, by the contracts under which they became abutters, to have the avenue kept open for their benefit and use. The license, which would result therefrom by implication to " others having occasion," would exclude the supposition that the use was of an adverse character, such as would be requisite to establish a public way by prescription.

2. The deeds of land bounding on " Crossett Avenue," given by Crossett and by the plaintiff, clearly confer a private right of way upon all who can derive title under any of those conveyances. But neither the defendant nor his grantor ever acquired any right under those deeds. As against them, neither Crossett nor the plaintiff could be prevented from exercising exclusive control of the soil of the avenue, by reason of anything in the various deeds offered by the defendant in evidence.

The defendant does not establish any legal claim to the use of the avenue by his own contribution thereto in allowing a narrow strip of his own land to remain as a part of it, and in filling and grading that part of the open space. He did it for his own convenience, and without any contract, express or implied, with the plaintiff. The previous use of that strip by Crossett was simply permissive, or by trespass, and not by virtue of any contract or arrangement which could work a mutual estoppel *in pais.*

The evidence utterly fails to show any private right by pre-
scription in the defendant or his grantor. On the contrary, the
case finds expressly that while the defendant occupied the land
for tweive or thirteen years, under a lease, before he purchased
it in 1863, " he used to get on to the rear of his lot from Bush's
land adjoining it on the south," that is, upon the opposite side
from " Crossett Avenue." And there is no evidence of any use
made of the avenue, by the defendant or his grantor, in connec-
tion with the defendant's land or otherwise, distinct from the
general use by the public.

According to the terms of the reservation, the verdict must
therefore be set aside, and

*Judgment rendered for the plaintiff for nominal damages.*