GEORGE F. STONE *vs.* INHABITANTS OF ATTLEBOROUGH.

Bristol.   Oct. 27. — Nov. 4, 1885.   FIELD & C. ALLEN, JJ., absent.

A town is not liable for an injury occasioned by falling upon a defect in the side-
walk of a way, which has been located and laid out by the town so as to run
through the sidewalk in a line parallel with the curbstone and five feet from it,
if the accident happens without the location of the way, although there is no
monument on the sidewalk indicating the line of the location of the way, and
the whole sidewalk is used by travellers on the way; and· the Pub. Sts. *c.* 49,
§ 95, do not apply to the case.

TORT for personal injuries occasioned to the plaintiff by a
defect in a highway in the defendant town.   Trial in the Supe-
rior Court, before *Staples*, J., who allowed a bill of exceptions,
in substance as follows:

The plaintiff offered evidence tending to show that Washing-
ton Street was the principal business street in that part of the
defendant town called North Attleborough, and ran north and
south; that on the westerly side of said street was a block
of stores called Guild's Block, about one hundred and fifty feet
in length; that for the whole length of that building, and ex-
tending from it to a granite curbing set in the street, was a con-
crete sidewalk thirteen and four tenths feet in width, of very
smooth surface, and descending in a continuous slope from the
building to the curbstone, the pitch or rate of descent being one
and one eighth inches to the foot; that Washington Street was
an ancient highway, relocated and laid out as a town way by
the town in 1872; that the westerly line of said location ran
through the concrete sidewalk, in a line parallel with the curb-
stone and five feet west of it, leaving eight and four tenths feet
of space between the line of location of the way and the building
or westerly edge of the sidewalk; that the sidewalk was built
about seven or eight years ago, the town setting the curbstones
and the owner of the building laying the concrete; that there
was no visible monument or mark on the sidewalk indicating
the line of location of the way; and that the whole sidewalk
was used by travellers passing up and down the street.

The plaintiff also introduced evidence tending to show that he
fell upon the sidewalk, which was then wet, and was injured;

and contended that the slope of the sidewalk was greater than it should be, and was therefore defective.

The counsel for the plaintiff stated to the court that the plaintiff was unable to prove that the place where the accident occurred was within five feet of the curbstone.

The defendant asked the judge to rule that the plaintiff had failed to make out his case, and that the defendant was entitled to a verdict, because the place where the injury occurred was outside the limit of the public way.

The judge ruled as requested, and directed a verdict for the defendant ; and the plaintiff alleged exceptions.

*W. H. Fox & F. B. Byram*, for the plaintiff.

*C. W. Clifford & G. A. Adams*, ( *W. Clifford* with them,) for the defendant.

MORTON, C. J. The accident to the plaintiff did not happen within the limits of a highway which the defendant was bound to keep in repair. The Pub. Sts. *c.* 49, § 95, have no application to the case. The cases of *Stockwell* v. *Fitchburg*, 110 Mass. 305, and *Sullivan* v. *Boston*, 126 Mass. 540, conclusively show that, for these reasons, the plaintiff cannot maintain this action.

*Exceptions overruled.*