O’Brien, J.
The plaintiff sought the aid of a court of equity to restrain the defendants from working a highway which he had .granted to the town, but under circumstances and with conditions and restrictions that, as he claims, render the grant absolutely void. The trial court refused to interfere, and we think its decision rests upon correct principles. It has been found upon sufficient evidence that ■ in October, 1890, the highway commis■sioner of one of the towns of Oneida county, as a result of proceedings under the statute and the finding of a jury, made an order laying out a highway over and across the lands of Jones, the original plaintiff in this action and the present plaintiff’s testator, and also the lands of one White. These two landowners brought an appeal from this order, claiming that the highway was unnecessary and the proceedings erroneous, and referees were appointed under the statute to hear the parties and determine the appeal. *390 While the matter was pending before the referees, the landowners, for the purpose of inducing the referees to reverse the order appealed from, delivered to them a deed made and executed by the appellants and their wives to the town, whereby, in consideration of one dollar, they conveyed to the town and its successors the interest in the real estate described in the order by the highway commissioner as follows:
“ The interest hereby conveyed is the perpetual right of use of the above described road as a public highway during the time intervening between the first day of December and the first day of May in each and every year hereafter, no damage to be claimed - from the town unless said road is subsequently laid out as a public highway under the statute. This grant-is upon the express condition that no road shall hereafter be laid across the premises of said Jones and White, from the bill, without their consent. In case any such road be laid out, this conveyance to be void and of no effect; said second party to have the right to enter upon and work said road at any season of the year, providing that at any other period than the one above mentioned, the gates upon said road shall be kept closed.”
This deed had the effect of influencing the referees to reverse the order appealed from and pending before them, and they did reverse it on the 30th of September, 1887. And the deed with their decision was filed with the town clerk of the town, and subsequently accepted and recorded, the town board auditing the bill for the expense of procuring it to be recorded. The commissioner of highways annexed the road to one of the highway districts and directed that it be worked as a highway under the direction of the defendant Bingham as overseer, and it was cared for and worked as one of the highways of the town for about two years, until Bingham and the other defendants acting under his directions and authority, were restrained by the injunction procured by the plaintiff at the commencement of the action. The trial court held that by the delivery and acceptance of the deed the locus in quo was dedicated to the public as a highway and the complaint was dismissed. The general term affirmed the judgment. During the pendency of this appeal the original plaintiff died and his executor, who now appears as plaintiff on the record, was substituted.
It is not claimed that the conveyance is any the less binding upon the grantors therein by reason of the finding that it was given for the purpose of influencing the result of a legal proceeding, judicial in its character, and had that effect. This finding-does not necessarily imply any corrupt act on the part of the referees or the owners of the land, and it is not likely that any such meaning was intended to be given to it. The. presentation of the deed to the referees informed them that the town was in that way to obtain all that it could by the order appealed from, and thus they concluded to end the litigation by a reversal of the order. Whatever may be said in criticism of this method of disposing of the appeal, the transaction is not urged or relied upon as a *391 reason for relieving the plaintiff from the full force and effect of his grant and obviously cannot be. The circumstances under which the deed was given and the purpose it was intended to sub-serve may be considered by a court of equity when its discretionary power is invoked by the plaintiff for the purpose of relieving himself from its obligations, but the plaintiff would not be heard to urge them for the purpose of overthrowing his grant if otherwise valid.
There are many cases where the complaining party will be denied equitable relief and left to his remedy at law, and the judgment in this case might well be sustained on that ground alone. Assuming, as is argued in behalf of the plaintiff, that the deed is not valid, still equitable relief was not a matter of absolute right, but of discretion, Calhoun v. Millard, 121 N. Y., 69 ; 30 St. Rep., 759. But we think that the deed is valid and vests a title in the town according to the terms and for the purposes mentioned therein. A town in its corporate capacity has power to take lands for highway purposes by conveyance, voluntary or otherwise. Vail v. Long Island R. R. Co. et al., 106 N. Y., 287 ; 8 St. Rep., 700; 1 R. S., 337, § 2.
The right to take lands by grant for general highway purposes is conceded by the learned counsel for the defendant, but. it is urged that the town could not take under a conveyance subject to such conditions and restrictions as were incorporated in the instrument in this case. These are (1) that the lands may be used as a highway from December till May in each year; (2) to be worked at any time 5 (3) gates to be kept closed from May till December.
The power to purchase or take lands by voluntary conveyance for highway purposes implies the power to take such interest as the necessity of the case or the public good may require. The proposition that the town or the commissioner of highways can take only for a highway to be kept open to the public at any or all times or not at all, is not supported by authority or any controlling or satisfactory reason. The argument urged is that a ■commissioner, or the town itself, cannot burdep. the community with the support of highways, except such as are open and free to all the public at all times. It may be that where it is sought to ■obtain lands by proceedings in invitum, for highway purposes, that the statutory power must be pursued strictly and no interest can be condemned except such as the statute prescribes. As we understand the findings in this case, precisely the same qualified interest was taken under the order of the highway commissioner, laying out the road, as was subsequently described in the deed, and this may have induced the conveyance. It does not follow that because these lands could not be condemned for such a road as this, that the owner could not convey and the town accept them for the qualified use described in the conveyance. Whenever a town has a highway that it does not need, or some limited right to use land for highway purposes that is not necessary for the public convenience, it can readily abandon or discontinue such road. In this case it appears that the road in question was needed *392 only during the winter months. It is quite conceivable that a. like necessity may, during the same season of the year, exist in many other towns. To say that while the town or the commissioner has capacity to take a grant of land for general highway purposes, but is utterly without capacity to take a limited or qualified grant to supply such a public necessity as may, and probably in many cases does exist, during the winter months, is-to fix a limit upon powers conferred for the public good that would be quite unreasonable, if not absurd. There were seven months of the year in which the public had no use for this road, and it was provided that during these months the gates shoulcL be kept closed.
This was the season of the year, however, when it is possible to make repairs on roads, and it was stipulated that the highway commissioner might then make such repairs or do such work on the road as he thought the public interest required. The capacity to take a grant in fee for highway purposes must, upon every just-principle of construction as well as upon reasons growing out of the necessity of the case, be deemed to include the power and capacity to take an interest less than a fee, or upon conditions such as were inserted in this deed. The town is expressly authorizecL by the statute to take conveyances of lands “ for the use of the inhabitants,” and this fairly includes a qualified or limited estate as well as a fee. It appears that after the deed was delivered by the grantors and accepted by the grantee that a town meeting r< - solved “not to accept the road.” It is said that--this resolution was passed at the instigation of and through devices of the grantors in the deed, after they had attained the end which its delivery was intended to promote, namely, the termination, in their favor, of the appeal from the order of the commissioner. However that may be, the deed had been then delivered and accepted, and the road recognized by the proper authorities as one of the highways of the town. A town meeting has no power to discontinue a highway once established. That can be done only by the intervention of the authorities and according to .the procedure pointed out in the statute, and a town meeting is no part of these. 1 R. S., 502, § 3; Driggs v. Phillips, 103 N. Y., 77-83; 3 St. Rep., 69; Monk v. Town of New Utrecht, 104 N. Y., 557; 6 St. Rep., 484.
The judgment should, therefore, be affirmed, with costs.
All concur.