ARMORE LUCIANELLI, administrator, *vs.* CITY OF NEWTON.

Middlesex. December 3, 4, 1934. — December 8, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Way,* Public: what constitutes.

At the trial of an action of tort against a city for personal injuries sustained by reason of a defect in an alleged public way, there was no evidence that the way ever was laid out or accepted as a public way. There was evidence that the city acquired title by deed to the land in the way, which was forty feet wide, wrought the middle portion for travel, with paved gutters on each side thereof, and laid sewer and water pipes therein; that the wrought portion had been used for public travel for many years; that the rest of the way was grass land; and that the place where the plaintiff was injured was in the grass land. There was no evidence that the city had maintained the grass land as a sidewalk or that the public had used it under a claim of right. A verdict for the defendant was ordered. *Held,* that the verdict properly was ordered because the evidence did not show that the city had any responsibility for the condition of that portion of the way where the plaintiff was injured.

TORT, originally by Gaetano Lucianelli and after his death prosecuted by the administrator of his estate. Writ dated January 30, 1928.

The action was tried in the Superior Court before *Morton,* J., who ordered a verdict for the defendant. The plaintiff alleged an exception. Material evidence is stated in the opinion.

*H. Feldman,* (*E. M. Dangel & L. E. Sherry* with him,) for the plaintiff.

*E. O. Mullowney,* (*J. W. Bartlett* with him,) for the defendant.

Rugg, C.J.   This is an action of tort to recover damages sustained by the plaintiff's intestate by reason of a defective and dangerous condition in an alleged highway, called Manet Road, in the defendant city.   The sole question raised by these exceptions is whether the place where the plaintiff's intestate fell was within a public way.

The printed record is not clear as to the precise place where the injuries were received, except that it was not within the wrought part of Manet Road.   There was no evidence to show that Manet Road was ever laid out as a public way and accepted as such.   There was evidence tending to show that the defendant had acquired by deed title to the land known as Manet Road.   This stretch of land according to one of the plans in evidence was about forty feet in width extending northerly from Commonwealth Avenue.   According to the scale on that plan a space about twelve and one half feet in width not far from the middle of this strip was wrought for travel, and on each side of it was a paved gutter about three feet in width.   The surfacing of this middle part of Manet Road had been done by the defendant and had been used many years for public travel.   Municipal structures such as sewer and water pipes had been laid in the roadway.   There was no evidence that any sidewalk had been laid out, constructed or repaired.   The portion of Manet Road outside the roadway itself and its gutters is shown on the plan and by the testimony as grass land, except that on the extreme easterly side and partly on private land was what is termed a concrete slab not over eighteen inches in width.   There was no evidence that the defendant had anything to do with the construction of the slab.   It apparently had connection with adjacent private property.   For the purposes of this decision it may be assumed that the defendant may have been responsible for the condition of the roadway.   *Harvey* v. *Sandwich*, 256 Mass. 379, 385.   There was no evidence whatever authorizing the conclusion that the grass plot had been used by the general public under a claim of right as distinguished from permissive travel.   There was no evidence of any construction or repair of a sidewalk by the defendant or of repair of the grass plot as a sidewalk.

The plaintiff's intestate was injured not on the roadway but on the grass plot or near the concrete slab. He was not injured on any portion of the way for the condition of which on the evidence the defendant could have been found to be responsible. The ruling directing a verdict for the defendant was right. *Stone* v. *Attleborough*, 140 Mass. 328. *Abihider* v. *Springfield*, 277 Mass. 125. *Teague* v. *Boston*, 278 Mass. 305. The case is too clearly distinguishable from *Weare* v. *Fitchburg*, 110 Mass. 334, and *Sullivan* v. *Worcester*, 232 Mass. 111, to require discussion.

*Exceptions overruled.*