LENA A. LONGLEY *vs.* CITY OF WORCESTER.

Worcester. September 26, 1939. — December 28, 1939.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Way*, Public: defect, dedication.

A finding for the plaintiff on a count of a declaration in an action against a municipality under G. L. (Ter. Ed.) c. 84, § 15, for personal injuries caused by a fall due to a hole in a travelled way was not warranted where it appeared that the hole was outside the limits of a public way and was at a rail of the middle of three tracks of a railroad at a grade crossing.

The nonpermanent character of a right given a municipality to use land as a public way precluded a finding of a dedication to public use under G. L. (Ter. Ed.) c. 84, §§ 23, 24, and there could be no recovery against the municipality under § 24 for personal injuries caused by a defect in such a way.

A municipality cannot impose upon itself, by contract with the owner of land giving it a temporary right to the use thereof as a way, liability for injury caused by a defect in the way.

TORT. Writ in the Superior Court dated March 15, 1937. The declaration, as amended after the filing of an auditor's report, contained three counts, described in the opinion.

There was a general finding by *Swift*, J., for the plaintiff in the sum of $1,350. The defendant alleged exceptions.

*W. D. Allen*, City Solicitor, for the defendant.

*A. W. McDonald*, (*H. E. Brown* with him,) for the plaintiff.

Cox, J. This case was heard by a judge of the Superior Court, sitting without jury, upon a stipulation that it might be heard upon the report of the auditor and other evidence. No further testimony, however, was taken. The parties agreed upon certain facts to which reference is hereinafter made. The judge denied certain requests of the defendant for rulings and found for the plaintiff.

From the auditor's report it appears that the plaintiff was injured while crossing the location of the Boston and Maine Railroad, in Worcester, a few feet north of the intersection of Lincoln Street and the location. The hole that caused the plaintiff to fall was located "on land owned by the . . . Boston and Maine Railroad . . . ." On July 14, 1927, the railroad corporation and the defendant entered into a written agreement which recites in substance that the defendant desires to construct, maintain and use a sidewalk on "railroad land partly within and partly without the railroad location in the vicinity of Lincoln Square"; that the railroad is willing that the defendant should so use the land temporarily; and that it gives the defendant the right to construct, maintain and use a sidewalk over the land therein described. Lincoln Street runs in a southwesterly direction across the railroad location, and appears to end at or merge with Lincoln Square. From the point of intersection of the northwesterly line of Lincoln Street with the northerly line of Lincoln Square, and along this northerly line, it is eighty-six and forty-five one-hundredths feet to the corner of Prescott Street at its easterly line. The bounds of the parcel of land described in the agreement begin at this corner and run northerly three and three-tenths feet on the easterly line of Prescott Street, thence turn and run in a northeasterly direction one hundred forty-four and sixty-three one-hundredths feet upon a concave curve, to a point in the northwesterly line of Lincoln

Street, thence turn and run southwesterly by the line of Lincoln Street, ninety-four and ninety-seven one-hundredths feet to the northerly line of Lincoln Square, thence turn and run in a westerly direction on said northerly line, eighty-six and forty-five one-hundredths feet to the point of beginning. The width of this parcel from north to south at its widest place is approximately thirty feet. In the immediate area where the plaintiff is alleged to have fallen the width is approximately ten feet. Where the boundary line turns and runs southwesterly along the northwesterly line of Lincoln Street, it coincides for a distance of about thirteen feet with the northeasterly end of the curved boundary line. If, instead of the straight lines of Lincoln Street and Lincoln Square and the angle formed by their intersection, the southerly and southeasterly boundary lines were a curve, the shape of the parcel would be that of a crescent. The agreement provides that the defendant is to reimburse the railroad corporation for all money paid as taxes and assessments levied upon the parcel during the continuance of the agreement; that the railroad corporation, without expense to itself, is to make such alterations at the crossing within the limits of its location as may be reasonably required by the defendant for the accommodation of the sidewalk; that the defendant is to keep the sidewalk in proper repair "excepting between the rails," and that the railroad corporation "assumes no responsibility whatever for the maintenance, use, repair, renewal, removals or existence of said sidewalk upon the said leased premises, excepting between the rails." The agreement is to continue in force until terminated by the giving of thirty days' written notice by either party to the other of intention to terminate.

The hole into which the plaintiff stepped was in the parcel of land leased to the city for sidewalk purposes, and the lease was in "existence" at the time of the accident. There was no evidence that the defendant had ever constructed a sidewalk over the leased premises and "if such sidewalk were constructed by the city that it ever made any repairs thereon. There was no evidence that the . . . railroad, had ever

constructed a sidewalk across the particular locus." The auditor viewed the premises and reported that an examination of the locus clearly indicated that "the crossing is open to the public for foot traffic at the point where the accident occurred." He found that the plaintiff "so far as the . . . railroad is concerned, was a mere licensee . . . [and] took the premises as she found them." He also reported as a finding that the defendant, "as a result of this agreement with the railroad, was bound by the terms of the agreement in the same manner as it would have been if it had acquired the locus by purchase or taken it by eminent domain for sidewalk purposes"; that the defendant was negligent in failing to keep the premises in repair; and that its negligence was the sole cause of the plaintiff's injuries. At the trial before the judge, it was agreed that Lincoln Street and Lincoln Square are public ways and that no signs or warnings were posted at "the entrances of the leased premises or crosswalks," nor were other means taken to caution the public against entering thereon, nor was anything done to close "said ways"; that Prescott Street was paved to its full width with concrete, and the adjoining property, leased by the railroad corporation to the defendant, was surfaced with asphalt; that there was no visible demarcation of the boundary line between the leased premises and Lincoln Square "as laid out as a public way"; that the area between the western entrance to the railroad crossing and Prescott Street was used by pedestrians as a continuance of the public sidewalk and was part of the leased premises.

The plaintiff's declaration is in three counts. The first alleges, in substance, that the plaintiff, through no fault of her own, was injured while a traveller by reason of a defect in Lincoln Square, a public highway that the defendant, although bound by law to keep in repair, had failed so to do, and that due notice of the time, place, and cause of her injuries was given to the defendant. It is plain that this count is framed under G. L. (Ter. Ed.) c. 84, § 15 (see § 1). The second count alleges, in substance, that the plaintiff, as a traveller, through no fault of her own, was injured upon a way opened and dedicated to the public use at Lincoln

Square; that said way entered upon and united with two then existing public ways, Lincoln Square and Lincoln Street; and that the defendant had failed to comply with the provisions of § 24 of said c. 84 requiring the closing of such a way or the cautioning of the public against its use. It is apparent that this count is framed under said § 24. The third count alleges, in substance, that the plaintiff, through no fault of her own, was injured while a traveller upon Lincoln Square, a public way; that by reason of the agreement, hereinbefore described, the defendant assumed control "of a portion of Lincoln Square commonly used as a cross-walk over the railroad tracks between Lincoln Square and Lincoln Street"; that the cause of her injuries was a defective condition of this portion of the way, of which condition the defendant had notice.

1. The plaintiff cannot recover under her first count. No other finding is permissible (see *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564) than that the plaintiff fell at a place outside the limits of the public highway and at "the westerly rail of the middle set of tracks" (there being three tracks at this point), upon land "owned" by the railroad corporation. There is no evidence that she was injured while a traveller upon Lincoln Square, a public way, or, for that matter, upon Lincoln Street. Even if there had been a finding that the hole into which the plaintiff stepped was within a public way, she could not recover under this count. Where a railroad is crossed by or crosses a public way at the same level, the railroad corporation is required to guard or protect its rails by plank, timber or otherwise so as to secure a safe and easy passage across its railroad. G. L. (Ter. Ed.) c. 160, § 103. *Noyes* v. *Gardner*, 147 Mass. 505, 508, 509. *Mack* v. *Boston & Albany Railroad*, 164 Mass. 393. *Harris* v. *Boston & Maine Railroad*, 211 Mass. 573. *Clapp* v. *New York, New Haven & Hartford Railroad*, 229 Mass. 532, 535. The city or town has no duty to keep that part of the way in repair and is not liable for an accident that happens at such a place. *Cammett* v. *Haverhill*, 197 Mass. 76, 78, and cases cited. The liability of the defendant for defects in ways is wholly the creation of statutes and is a liability

strictly limited and peculiar. *Oliver* v. *Worcester*, 102 Mass. 489, 496. *Hurlburt* v. *Great Barrington*, 300 Mass. 524, 526. The defendant could not by contract enlarge its statutory liability in this respect. *Gay* v. *Cambridge*, 128 Mass. 387. *Rouse* v. *Somerville*, 130 Mass. 361.

2. G. L. (Ter. Ed.) c. 84, § 23, provides that "A way opened and dedicated to the public use, which has not become a public way, shall not, except as provided in the two following sections, be chargeable upon a town as a highway or town way unless laid out and established in the manner prescribed by statute." Section 24 of said chapter provides: "The board or officer having authority over public ways in a town shall, if the public safety so requires, cause such ways to be closed where they enter upon and unite with an existing public way or may by other sufficient means caution the public against entering thereon; otherwise the town shall be liable for damages arising from defects therein as in the case of ways duly laid out and established." Section 25 of said chapter provides: "If, upon the trial of an indictment or action brought to recover damages for an injury received by reason of a defect or want of repair or want of sufficient railing in any way, it appears that the defendant has, within six years before such injury, made repairs on such way, it or he shall not deny the location thereof." The provisions of § 25 have no application to the facts disclosed in the case at bar.

The first statute enacted upon the subject matter of the first two quoted sections is St. 1846, c. 203, and there is no material difference between the provisions of that statute and the provisions of said c. 84, §§ 23 and 24. It is to be observed that the "way" referred to in § 23 is one "opened and dedicated to the public use," which has not become a public way as described in the section. Since the enactment of St. 1846, c. 203, a public highway or town way cannot be created in this Commonwealth by dedication and acceptance. In the case of *Oliver* v. *Worcester*, 102 Mass. 489, the court, in considering Gen. Sts. c. 43, §§ 82, 83, which are in substance the same as St. 1846, c. 203, §§ 1, 2 and 3, said, at pages 495–496: "The reason of the statute provi-

sion obviously was, that, while no new highways or town ways were to be made chargeable upon cities and towns, unless regularly laid out in the manner prescribed by law, there might be ways opened and laid out, connected with the public ways, and apparently themselves public ways, which travellers would have no means of knowing were not legally laid out and kept in repair as such; and, to prevent the possible consequences of a want of repair in a way of this description, if it was not safe to travel, cities and towns were required to close it up, or give notice that it was dangerous, or else be subject to the same liability for its condition as if it were a legal way." The provisions of §§ 23 and 24 do not affect ways that have been established by prescription. *Jennings* v. *Tisbury*, 5 Gray, 73. *Commonwealth* v. *Coupe*, 128 Mass. 63. There is no finding and no evidence upon which a finding could be based that the alleged way had become public by prescription, see *Sullivan* v. *Worcester*, 232 Mass. 111, 115; *Jennings* v. *Tisbury*, 5 Gray, 73, or that it had been laid out and established in the manner prescribed by statute.

In *Hemphill* v. *Boston*, 8 Cush. 195, Shaw, C.J., in speaking of dedication, said at pages 196–197: "It is the gift of land by the owner, for a way, and an acceptance of the gift by the public, either by some express act of acceptance, or by strong implication arising from obvious convenience, or frequent and long-continued use, repairing, lighting or other significant acts, of persons competent to act for the public in that behalf. This is implied in the statute of 1846. It speaks of ways heretofore opened and dedicated to public use, and not already become a public highway. Here the terms 'opened and dedicated' manifestly import laid out and set apart by the owner, and the statute implies that something further is necessary to make it a highway in fact. Now he who gives his land to the public may prescribe the terms and limitations on which he gives it, and if it be accepted at all, it must be accepted with the limitations, qualifications and restrictions prescribed." In *Hayden* v. *Stone*, 112 Mass. 346, many of the earlier cases are collected, and the rule is elaborated that dedication depends upon

the intent of the owner which must be made manifest by his unequivocal declarations or acts to appropriate his land to a public use and to surrender its control to the public. In the case at bar we are not concerned with the rights of owners who have purchased lots abutting on ways not public that have been sold with reference to a plan. See *Hobart v. Towle,* 220 Mass. 293; *Stevens* v. *Young,* 233 Mass. 304; *Prentiss* v. *Gloucester,* 236 Mass. 36; *Bacon* v. *Onset Bay Grove Association,* 241 Mass. 417; *Dubinsky* v. *Cama,* 261 Mass. 47, 55. It has been held that one who gives his land to the public may prescribe the terms and limitations of his gift and, if it is given for a special and limited use or purpose, as for a footway, it must be accepted and held for that use only. *Hemphill* v. *Boston,* 8 Cush. 195, 197. *Morse* v. *Stocker,* 1 Allen, 150.

Was there a dedication in the case at bar? It may be said that the agreement between the railroad corporation and the defendant discloses the desire of the latter to maintain and use a sidewalk on the leased premises and also the willingness on the part of the railroad corporation in these respects. No question has been raised as to the right of the railroad corporation to grant a right of way over its location. The terms of the agreement, however, do not expressly require the defendant to construct a sidewalk and there is no evidence that it ever did so, or, if it did, that it ever made any repairs upon it. There is no evidence that the railroad corporation ever constructed a sidewalk upon the parcel in question although it was agreed that Prescott Street was paved to its full width with concrete "and the adjoining property leased by the railroad to the city was surfaced with asphalt."

It is not necessary, however, to the rights of the parties to determine the effect of any construction upon the leased premises or of the absence of evidence as to who brought it about, as we are of the opinion that the provisions of G. L. (Ter. Ed.) c. 84, §§ 23 and 24, are not applicable. The agreement provides that it shall continue in force "until terminated on any day by thirty (30) days' written notice given by either party to the other of intention to terminate." If

we assume that the agreement amounts to something more than a lease of a parcel of land to the defendant and that from it the intent of the railroad corporation is discoverable to open a way to the public use, if the city sees fit to open such a way by the construction of a sidewalk, nevertheless the requirements of a dedication to public use are not met by an offer of such use, the right to which may be revoked upon thirty days' notice. In most of the cases that discuss dedication the question of acceptance is involved, and, although it is true that an offer by way of dedication may be withdrawn before acceptance, *Crocket* v. *Boston,* 5 Cush. 182, 188, where, as in this Commonwealth, a way can no longer become public by dedication and acceptance, the essential elements of a valid dedication are the same as they were before the enactment of the statute of 1846 and its successors. This is a necessary implication from the language of the statutes. Whether dedication amounts to a gift of land by the owner for a way, as was said in *Hemphill* v. *Boston,* 8 Cush. 195, or is to be found in the manifest intention of the owner to appropriate his land to a public use and to surrender its control to the public, as was said in *Hayden* v. *Stone,* 112 Mass. 346, there must be a permanent abandonment. See *Bacon* v. *Boston & Maine Railroad,* 83 Vt. 421, 439; *Cook* v. *Harris,* 61 N. Y. 448; *Niagara Falls Suspension Bridge Co.* v. *Bachman,* 66 N. Y. 261; *Cotter* v. *Philadelphia,* 194 Penn. St. 496; *Consolidated Realty Co.* v. *Richmond Hotel & Building Co.* 253 Ky., 463. The owner's acts and declarations should be deliberate, unequivocal and decisive, manifesting a clear intention permanently to abandon his property to the specific public use. *Hobbs* v. *Lowell,* 19 Pick. 405. *Rowland* v. *Bangs,* 102 Mass. 299, 303. *Holdane* v. *Trustees of the Village of Cold Spring,* 21 N. Y. 474. See *Irwin* v. *Dixion,* 9 How. 10; *State* v. *Trask,* 6 Vt. 355; *Commonwealth* v. *Alburger,* 1 Whart. 469, 486. Limitations as to the time of use confined to certain periods of the year may well be not unreasonable or inconsistent with the theory of a dedication. See *Hughes* v. *Bingham,* 135 N. Y. 347. Compare *Holcomb* v. *Moore,* 4 Allen, 529. But a situation created by such limitations is very different from one where, as a

condition imposed at the very outset, the way may be closed at any time upon notice from the owner of the land. This is a condition that is inconsistent with the idea of a permanent abandonment of one's property to public use. See *Curtis* v. *Boston*, 247 Mass. 417, 426. It was said in *Dawes* v. *Hawkins*, 8 C. B. (N. S.) 848, at page 858: "It is clear that there can be no dedication of a way to the public for a limited time, certain or uncertain. If dedicated at all, it must be dedicated in perpetuity." *Couture* v. *County of Dade*, 93 Fla. 342, 352, 353. See *San Francisco* v. *Canavan*, 42 Cal. 541, 553; *Niagara Falls Suspension Bridge Co.* v. *Bachman*, 66 N. Y. 261. In our opinion there was no dedication of the parcel of land in question upon which the plaintiff fell so as to bring the case within the provisions of said §§ 23 and 24, and it follows that the plaintiff is not entitled to recover under her second count.

It is not necessary to determine whether the parcel of land in question is a way that enters upon and unites with existing public ways. If it is, then the agreement of counsel, hereinbefore referred to, makes out a failure on the part of the defendant to comply with the provisions of said § 24. In *Stone* v. *Attleborough*, 140 Mass. 328, there was a concrete walk about thirteen and four-tenths feet wide along the entire length of a building one hundred fifty feet long, and extending from it to the granite curbing set in the public way. The westerly line of the way ran through the concrete sidewalk in a line parallel to the curbstone, leaving eight and four-tenths feet of space between the line of location of the way and the building. The sidewalk was built about seven or eight years prior to the plaintiff's injuries; there was no visible monument or mark on the sidewalk indicating the location of the way, and the whole sidewalk was used by travellers passing up and down the sidewalk. At the trial the counsel for the plaintiff stated that the plaintiff was unable to prove that the place where the accident occurred was within five feet of the curbstone, and the judge directed a verdict for the defendant. It was held that the accident did not happen within the limits of a highway which the defendant was bound to keep

in repair, and that Pub. Sts. c. 49, § 95 (the provisions of which are substantially the same as G. L. [Ter. Ed.] c. 84, § 24) had no application to the case. See *Smith* v. *Wendell,* 7 Cush. 498; *Hayden* v. *Attleborough,* 7 Gray, 338; *Stockwell* v. *Fitchburg,* 110 Mass. 305; *Sullivan* v. *Boston,* 126 Mass. 540; *Abihider* v. *Springfield,* 277 Mass. 125; *Lucianelli* v. *Newton,* 288 Mass. 535.

3. The plaintiff cannot recover upon the third count of her declaration. The liability of the defendant for defects in its ways, as already pointed out, is wholly statutory and no contract entered into by it can diminish or enlarge that liability. *Gay* v. *Cambridge,* 128 Mass. 387, 388. *Rouse* v. *Somerville,* 130 Mass. 361.

It follows that the trial judge should have given the seventh ruling requested by the defendant, "That on all the evidence the defendant is not liable to the plaintiff in this action." See *Forbes* v. *Gordon & Gerber, Inc.* 298 Mass. 91, 95.

*Exceptions sustained.*
*Judgment for the defendant.*