ZELMA LORIOL *vs.* FREDERICK W. KEENE & another.

Middlesex.     October 5, 1961. — December 19, 1961.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Way,* Public: establishment. *Statute,* Validating statute. *Burlington.*

A way which had not been established as a public way in accordance with
the procedures prescribed by G. L. cc. 82 and 79 could not, by reason
of c. 84, § 23, become a public way by dedication. [361]

St. 1958, c. 563, § 1, purporting to validate the "laying out . . . or ac-
ceptance of all . . . ways" by the selectmen of the town of Burlington
during the previous twenty-eight years "in so far as such laying out
. . . or acceptance may be invalid by failure to comply with" G. L.
cc. 79, 80, 82, did not establish as a public way an area shown as a sec-
tion of a certain street on a recorded plan where, although there had
been a vote of the town during the twenty-eight years purporting to
accept such street and other streets, the vote was ambiguous and left it
uncertain whether the area in question was included, and the steps re-
quired by c. 82, §§ 22, 23, had never been taken with respect to such
area nor public interests or rights acquired therein. [361–363]

BILL IN EQUITY, filed in the Superior Court on July 15,
1959.

The suit was heard by *Wisnioski,* J.

*Edward T. Bigham, Jr.,* for the defendants.

*Jack J. Moss,* for the plaintiff.

SPIEGEL, J.   This is a bill in equity wherein the plaintiff
seeks to have the defendants enjoined from obstructing a
certain way leading to land owned by her.   The case was
tried in the Superior Court and the judge ordered the entry
of a final decree which granted injunctive relief to the plain-
tiff.   The case comes before us on appeal with a report of
the evidence and the findings of the judge.

The plaintiff is the owner of land situated at the end of a
way known as Fairfax Street in the town of Burlington.
The defendants own land adjoining that of the plaintiff
and located on both sides of the way.   The defendants
placed boulders across the width of Fairfax Street thereby

preventing the plaintiff from free and easy access to her land. The locus and way in question appear on a plan dated April, 1913, recorded in the Middlesex South District registry of deeds. It shows Fairfax Street as a way forty feet wide extending from Bedford Road northerly, intersecting Raymond Road and Dunlap Street, thence bending northwesterly and intersecting Gayland Street and terminating at a stone wall at the northwesterly boundary lines of lots #333 and #332.

On February 25, 1929, the town of Burlington voted to accept Fairfax Street from the intersection of said way with Bedford Road to a point just beyond the intersection of said way with Dunlap Street. On July 30, 1951, at a special town meeting, the town voted to accept Fairfax Street and certain other ways. This vote does not clearly indicate what part of Fairfax Street was being accepted. There is no adequate basis in the evidence for finding that the vote was made with reference to the 1913 plan or any other plan. So far as the disputed area was concerned, the vote did not refer to any way clearly existing on the surface of the land. The plaintiff did not establish any deed to the town or taking by the town of either the fee in, or right of way over, the disputed area. No plan of Fairfax Street was filed with the town clerk prior to this latter vote in accordance with G. L. c. 82, § 23.[1] No "notice of intention" issued pursuant to G. L. c. 82, § 22,[2] was received by the defendants.

---

[1] G. L. c. 82, § 23. "No town way or private way which has been laid out, relocated or altered by the selectmen or road commissioners shall, except as hereinafter provided, be established until such laying out, relocation or alteration, with the boundaries and measurements of the way, is filed in the office of the town clerk and, not less than seven days thereafter, is accepted by the town at a town meeting. This section shall not apply to cities."

[2] G. L. c. 82, § 22. "Seven days at least prior to the laying out, relocation or alteration of a town way or private way a written notice of the intention of the selectmen or road commissioners of the town to lay out, relocate or alter the same shall be left by them, at the usual place of abode of the owners of the land which will be taken for such purpose, or delivered to such owner in person or to his tenant or authorized agent. If the owner has no such place of abode in the town and no tenant or authorized agent therein known to the selectmen, or if, being a resident in the town, he is not known as such to the selectmen or road commissioners, such notice shall be posted in a public place in the town seven days at least before the laying out, relocation or alteration of such way. This section shall not apply to cities."

On August 29, 1958, a special act of the Legislature was enacted (St. 1958, c. 563[3]) which validated and confirmed acts of the selectmen of the town of Burlington in laying out, alteration, relocation, discontinuance or acceptance of all highways and other ways from January 1, 1930, to July 9, 1958, in so far as such acts may be invalid by failure to comply with cc. 79, 80, and 82 of the General Laws.

The judge found that "as between this plaintiff and the defendants herein" Fairfax Street to the limit shown on the plan dated April, 1913, had been accepted as a public way by the town of Burlington.

The plaintiff admits that Fairfax Street was not accepted as a way in accordance with the provisions of cc. 79 and 82 of the General Laws. There is, therefore, no necessity for us to discuss the point argued by the defendants to the effect that Fairfax Street was not laid out and accepted in accordance with G. L. c. 82, §§ 22 and 23. The plaintiff contends, however, that Fairfax Street became a public way either by dedication or by the special act of the Legislature (see footnote 3, *supra*).

The contention that Fairfax Street became a public way by dedication cannot be maintained. The establishment of public ways has been the subject of statutory regulation since 1786 (St. 1786, c. 67). Prior to 1846 it was held that a public way could be created by dedication and that a city or town could be held liable for injuries caused by the failure to keep such a way in repair. *Hobbs* v. *Lowell,* 19 Pick. 405. Dedication required an intent on the part of the landowner manifested by unequivocal declarations or acts to appropriate his land to a public use, *Longley* v. *Worcester,* 304 Mass. 580, 587, and acceptance by the public authorities, either expressly or by implication. *Hemphill* v. *Boston,* 8 Cush. 195, 196. *Morse* v. *Stocker,* 1 Allen, 150, 154. *Hayden* v. *Stone,* 112 Mass. 346, 351.

---

[3] St. 1958, c. 563, § 1. "The laying out, alteration, relocation, discontinuance or acceptance of all highways and other ways from January first, nineteen hundred and thirty to July ninth, nineteen hundred and fifty-eight, inclusive, by the selectmen of the town of Burlington, in so far as such laying out, alteration, relocation, discontinuance or acceptance may be invalid by failure to comply with chapters seventy-nine, eighty and eighty-two of the General Laws, is hereby validated and confirmed."

Statute 1846, c. 203, § 1, was enacted to restrict the liability of cities and towns. *Jones* v. *Boston,* 201 Mass. 267, 268–269. That statute provided that no ways "opened and dedicated to the public use" were thereafter to become chargeable upon cities and towns unless laid out and established in the manner prescribed by the statutes of the Commonwealth. This requirement has been retained by G. L. c. 84, § 23.[4] Since the enactment of this statute in 1846, a public way cannot be created by dedication. *Longley* v. *Worcester, supra* at 585. Accord, *Rouse* v. *Somerville,* 130 Mass. 361, 365; *Dakin* v. *Somerville,* 262 Mass. 514, 515.

Moreover, it has not been established that Fairfax Street was "opened and dedicated to the public use" within the meaning of G. L. c. 84, § 23. The declarations and acts of the owners as disclosed by the record do not show a deliberate, unequivocal intent to abandon their property to the specific public use. See *Hayden* v. *Stone,* 112 Mass. 346, 349–350; *Longley* v. *Worcester,* 304 Mass. 580, 587.

The want of proper acceptance of Fairfax Street as a public way was not validated by the special act of the Legislature enacted in 1958 (see footnote 3, *supra*).

The giving of notice and filing of a layout required by the provisions of G. L. c. 82, §§ 22, 23, are not mere procedural technicalities. *Markiewicus* v. *Methuen,* 300 Mass. 560, 563. The requirement that a layout be filed ". . . was manifestly not intended to prescribe a mere formality, but to lay down the indispensable conditions upon compliance with which the right of appropriating private property to public uses of this kind can lawfully be exercised. As one of the safeguards of individual rights against inconsiderate or capricious action on the part of municipal authorities, it establishes a rule to secure precision and exactness of description on the part of the selectmen as to the changes which they propose to make. It is material to the landowner to know exactly what portion of his land is to be

---

[4] G. L. c. 84, § 23. "A way opened and dedicated to the public use, which has not become a public way, shall not, except as provided in the two following sections, be chargeable upon a town as a highway or town way unless laid out and established in the manner prescribed by statute."

taken, and to the voters to know exactly what the proposition is upon which they are to decide.'' *Jeffries* v. *Swampscott,* 105 Mass. 535, 536. ''The appropriation of private property to the public use, which is one of the highest acts of sovereign power, should not be accomplished by the use of ambiguous or uncertain language.'' *Glover* v. *Boston,* 14 Gray, 282, 288.

The plaintiff asserts, nevertheless, that the Legislature, by the special act of 1958, intended to validate any action by the selectmen of the town of Burlington relating to the laying out, alteration, relocation, discontinuance or acceptance of public ways undertaken between the years 1930 and 1958 which may be invalid by failure to comply with the provisions of cc. 79, 80, and 82 of the General Laws.

Where curative statutes may affect personal or property rights they should be precise and clear. This should be particularly so where they relate to governmental action, which often involves the exercise of the right of eminent domain. See *Watertown* v. *Dana,* 255 Mass. 67, 69–70. Cf. *Connecticut River R.R.* v. *County Commrs. of Franklin,* 127 Mass. 50, 57 (where there was an ineffective attempt by a subsequent statute to cure a taking which was invalid because of no adequate provision for compensation); Nichols, Eminent Domain (3d. ed.) § 8.4.

If interpreted in the manner urged by the plaintiff, the special act would, in effect, repeal retroactively all or parts of §§ 1, 3, 6 and 8 of c. 79, §§ 1, 2, 4, and 5 of c. 80, and §§ 22–24 of c. 82, but only in so far as the town of Burlington is concerned. Many of these sections relate to the recovery of damages by persons injured in their property by the ''laying out, alteration, relocation, discontinuance or acceptance'' of public ways and their repeal raises serious legal questions about some of the statutory procedures established for such recovery. The special act contains no provisions adequate to clarify the ambiguous 1951 town vote which left it wholly uncertain whether the disputed area adjacent to the plaintiff's land was accepted as a part of Fairfax Street.

Such an interpretation may violate constitutional provisions. "A statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score." *United States v. Jim Fuey Moy*, 241 U. S. 394, 401. *Worcester County Natl. Bank v. Commissioner of Banks*, 340 Mass. 695, 701.

We do not assert that the Legislature is without authority to validate acts of local authorities which may be defective because of failure to comply with some procedural formality. See *Donnelly v. Dover-Sherborn Regional Sch. Dist.* 341 Mass. 497, 501. We do not believe, however, that the General Court intended to provide the town of Burlington with an umbrella to cover its failure to comply with substantive provisions of existing statutes over a period of twenty-eight years. To ignore such statutory provisions over a long period of time and then expect the Legislature to validate these omissions is hardly conducive to the maintenance of the orderly processes of government. We do not interpret the 1958 statute as curing the ambiguities in the vote affecting Fairfax Street.

The final decree is reversed. A decree is to be entered dismissing the bill.

*So ordered.*